**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLS, and on behalf** | § | |
| **of the Beneficiaries to the Estate to include** | § | |
| **JEREMY M. MILLS, LEVI C. MILLS** | § | |
| **AND APRIL C. WEBB, Each Individually** | § | |
| **and as WRONGFUL DEATH** | § | |
| **BENEFICIARIES OF ARTHUR MARK** | § | |
| **MILLS, DECEASED** | § | |
| *Plaintiffs*, | § | **CASE NO. 4:21-cv-1241** |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED AIRLINES, INC.,** | § | **JURY DEMAND** |
| **ABM AVIATION, INC.,** | § | |
| **SIMPLICITY GROUND SERVICES,** | § | |
| **LLC D/B/A SIMPLICITY USA,** | § | |
| **ANTONIO DELEON, JESSICA MORA,** | § | |
| **PRYSTAL MILTON, and** | § | |
| **EXPRESSJET AIRLINES, INC.,** | § | |
| *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants ABM Aviation, Inc., Jessica Mora, Prystal Milton, Antonio DeLeon, United

Airlines, Inc., and Simplicity Ground Services, LLC d/b/a Simplicity USA, and ExpressJet

Airlines, Inc. (collectively "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§

1331, 1441(a), 1446(b)(3), and Local Rule 81, and in support thereof, state as follows:

### I.   NATURE OF ACTION

1.      This is a personal injury action in which Plaintiffs seek recovery for alleged bodily

injuries purportedly sustained on or about February 7, 2019, while emplaning an aircraft at George

Bush Intercontinental Airport ("IAH") in Houston, Texas, and deplaning an aircraft at Lubbock

Preston Smith International Airport ("LBB") in Lubbock, Texas.

2.      Plaintiffs' right to relief is created by federal law.

3.      All Defendants consent to removal.

## II.   REMOVAL JURISDICTION

4.      Defendants timely file this Notice of Removal within 30-days of receipt of information "through service or otherwise" that the case is removable pursuant to 28 U.S.C. § 1446(b)(3).

5.      The United States District Court for the Southern District of Texas possesses original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331 and this Court is the proper Court in which to remove this action because this district and division has original jurisdiction as provided by statute.

6.      The Plaintiffs' <u>First Amended Responses to All Defendants' Requests for Disclosure</u> states that "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC [incorrectly named], as carriers, owed a duty [to] Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal." *See* Plts. First Amended Disclosure, p. 8, attached hereto as Exhibit A.

7.      "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner." *See Id.*

8.       "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plan." *See Id.*

9.      "The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules." *See id.*

10.       In addition, Plaintiffs' <u>First Amended Responses to All Defendants' Requests for</u> <u>Disclosure</u> states that "[Plaintiffs], informed the flight staff of Defendant United Airlines, Inc and/or Express Jet Airlines, LLC and that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or Express Jet Airlines, LLC." *Id.* at pg. 6.

11.       The above "failure to properly emplane/deplane," "failure to follow industry-standard safety rules," "failure to properly assist," "failure to provide medical care," and related "negligence" claims confirm that Plaintiffs' right of recovery, if any, is firmly rooted in federal law under the doctrine of preemption, as set forth below:

### A.       THE AIRLINE DEREGULATION ACT GOVERNS PLAINTIFFS' CLAIMS

12.       Plaintiffs' claims all fall within the preemptive scope of the Airline Deregulation Act (the "ADA"). The ADA enacted by Congress in 1978, prohibits states from enacting or enforcing a law, regulation or other provision that relates to a "price, route or service of an air carrier." 49 U.S.C. § 41713(b)(1) (1978). The Fifth Circuit has adopted a more expansive interpretation of airlines services under the ADA to include "ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to transportation itself." *See Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995).

13.       Here, for example, Plaintiffs' allegations grounded in a "failure to provide medical care" (*see* e.g., allegation at ¶10 *supra*) are related to United Airlines, Inc. and/or Express Jet Airlines, LLC's prices, routes and services – specifically, in this case, providing medical accommodations to a paraplegic passenger. *Boon Ins. Agency, Inc. v. Am. Airlines, Inc.,* 17 S.W.3d 52, 56 (Tex. App.—Austin 2000, pet. denied) ("The 'related to' language was intended to be broad

in order to express an expansive preemptive purpose."). Significantly, the liability of United Airlines, Inc., Express Jet Airlines, LLC, and their contractors (hired to perform services related to United Airlines, Inc. and/or Express Jet Airlines, LLC's services), if any, is governed by principals of federal law, not Texas state law. *See American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) (Airline Deregulation Acts preemption clause stops states from imposing their own substantive standards with respect to rates, routes, and services).

**B.    FEDERAL AVIATION REGULATIONS ENACTED UNDER THE FEDERAL AVIATION ACT GOVERNS PLAINTIFFS' CLAIMS**

14.    Second, Congress has impliedly preempted the field of governmental regulation pertaining to the health and safety of air carrier passengers during flight by enacting the FEDERAL AVIATION ACT of 1958, Pub. L. No. 85-726, 72 Stat. 731 (codified as amended at 49 U.S.C. §§ 40101, *et seq.*,) (the "FAA"), and giving the Federal Aviation Administration comprehensive power to issue Federal Aviation Regulations thereunder.

15.    Plaintiffs allege that Defendants United Airlines, Inc. and ExpressJet Airlines, LLC […] violated industry standard safety rules" (*see* Exhibit A, pg. 8), however, the applicable standard of care with regard to the operation, warning, and general safety of an aircraft is entirely occupied by federal legislation by the FAA, Homeland Security, Department of Transportation, among others, and regulations established thereto. Therefore, the liability of United Airlines, Inc., Express Jet Airlines, LLC, and their contractors in relation to abiding by safety standards, if any, is governed by federal law. Indeed, if legal mandates are to be imposed on air carriers regarding such passenger health and safety matters by governmental authorities those standards must under the FAA, be imposed by the federal government—Congress or the FAA—which has the exclusive authority to act in this area, not by one of the fifty States.

### C.    THE AIR CARRIER ACCESS ACT GOVERNS PLAINTIFFS' CLAIMS

16.    Third, the Air Carrier Access Act ("ACAA"), 49 U.S.C.A. § 41705, prohibits air carriers, like United Airlines, Inc. and ExpressJet Airlines, LLC, from discriminating against individuals, such as Mr. Mills with physical disabilities. The ACAA, taken together with the regulations that implement the ACAA's prohibition on discrimination, 14 C.F.R. Part 382 (collectively, the "ACAA Regulations"), constitute a "pervasive regulatory scheme" that comprehensively governs an airline's accommodation of disabled passengers from reservations through deplaning in extensive detail and therefore imposed certain obligations upon United Airlines, Inc. and ExpressJet Airlines, LLC with regard to its treatment of Mr. Mills.

17.    Here, because the basis for the Plaintiffs' claims that United Airlines, Inc. and/or ExpressJet Airlines, LLC failed to properly emplane and deplane, the claims are routed in the Defendants' adherence to the ACAA's requirements.

18.    In light of the above, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and the action may be removed to this Court by United Airlines, Inc. and ExpressJet Airlines, LLC, pursuant to 28 U.S.C. § 1446(b)(3).

## III.  COMPLIANCE WITH NOTICE REQUIREMENTS

19.    Defendants have complied with all applicable provisions of 28 U.S.C. § 1331 and § 1446, the applicable Federal Rules of Civil Procedure, and the Local Rules of this Court.

20.    Pursuant to Local Rule 81 and to the best of the undersigned's knowledge, the documents attached to this Notice of Removal comprise all the filings to date in this matter as required by 28 U.S.C. § 1446(a).

21.    Defendants will give written notice of this filing as required by 28 U.S.C. § l446(d).

22.    A copy of this Notice of Removal will promptly be filed with the clerk of the

157th Judicial District Court of Harris County, Texas as required by 28 U.S.C. § 1446(d).

23.    Defendants reserve the right to amend or supplement this Notice of Removal.

### IV. JURY DEMAND

24.    A jury trial was demanded by Plaintiff and Defendants in the state court suit. Therefore, Defendants demand a jury trial in this matter.

### V. CONCLUSION

For the above reasons, Defendants ABM Aviation, Inc., Jessica Mora, Prystal Milton, Antonio DeLeon, United Airlines, Inc., and Simplicity Ground Services, LLC d/b/a Simplicity USA, and ExpressJet Airlines, Inc. remove this action from the 157th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated: April 14, 2021

Respectfully submitted,

/s/ Patrick J. Comerford
Patrick J. Comerford
State Bar No. 24096724
SDTBN: 2973386
RIGBY SLACK LAWRENCE BERGER AKINC PEPPER & COMERFORD, PLLC
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2060
E-mail: pcomerford@rigbyslck.com

**ATTORNEYS FOR DEFENDANT EXPRESSJET AIRLINES, INC.**

and

Marc Michael Rose
State Bar No. 24098350
ROSE LAW GROUP PLLC

777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com

**ATTORNEYS FOR DEFENDANTS**
**ABM AVIATION, INC., JESSICA MORA,**
**PRYSTAL MILTON, and ANTONIO DELEON**

and

Jad J. Stepp
State Bar No. 19169100
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
Telephone: (713) 336-7203
Facsimile: (713) 336-7250
E-mail: jstepp@ss-pc.com

**ATTORNEYS FOR DEFENDANTS**
**UNITED AIRLINES, INC. and**
**SIMPLICITY GROUND SERVICES, LLC d/b/a**
**SIMPLICITY USA**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing Notice of Removal was served via email on all parties and attorneys of records on April 14, 2021:

Robert E. Ammons
Justin D. Burrow
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
rob@ammonslaw.com
justin.burrow@ammonslaw.com
melissa@ammonslaw.com

Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 S. Voss Road, Suite 450
Houston, Texas 77057
toby@colelawtx.com
mary@colelawtx.com

*Counsel for Plaintiffs Kimberly Mills, Individually and as Independent Executrix of the Estate of Arthur Mark Mills, et al.*

*/s/ Patrick J. Comerford*
Patrick J. Comerford

# EXHIBIT A

CAUSE NO. 2020-69428

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | **IN THE DISTRICT COURT OF** |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLS, and on Behalf** | § | |
| **of the Beneficiaries to the Estate to include** | § | |
| **JEREMY M. MILLS, LEVI C. MILLS** | § | |
| **and APRIL C. WEBB, Each Individually** | § | |
| **and as WRONGFUL DEATH** | § | |
| **BENEFICIARIES OF ARTHUR** | § | |
| **MARK MILLS, Deceased** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **UNITED AIRLINES, INC., ABM** | § | |
| **AVIATION INC., SIMPLICITY** | § | |
| **GROUND SERVICES, LLC d/b/a** | § | |
| **SIMPLICITY USA, ANTONIO DELEON,** | § | |
| **JESSICA MORA, and PRYSTAL** | § | |
| **MILTON** | § | |
| *Defendants* | § | **157th JUDICIAL DISTRICT** |

---

**PLAINTIFFS' FIRST AMENDED RESPONSES TO**
**ALL DEFENDANTS' REQUESTS FOR DISCLOSURE**

---

TO:    ALL COUNSEL OF RECORD

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs Kimberly F. Mills,

Individually and As Independent Executrix of the Estate of Arthur Mark Mills, and on Behalf  of

the Beneficiaries to the Estate to include Jeremy M. Mills, Levi C. Mills and April C. Webb, Each

Individually and as Wrongful Death Beneficiaries of Arthur Mark Mills, Deceased, ("Plaintiffs")

serve their First Amended Responses to All Defendants' Requests for Disclosure.

**Exhibit**
**A**

Respectfully submitted,

**THE AMMONS LAW FIRM, LLP**

Robert E. Ammons
Texas Bar No. 01159820
Justin D. Burrow
Texas Bar No. 24035598
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:    (713) 523-1606
Facsimile:    (713) 523-4159
E-mail:       rob@ammonslaw.com
E-mail:       justin.burrow@ammonslaw.com
E-mail:       melissa@ammonslaw.com

and

Tobias A. Cole
Texas Bar No. 24007021
Mary E. Allen
Texas Bar No. 24116021
1616 South Voss Road, Suite 450
Houston, Texas 77057
Telephone:    (832) 539-4900
Facsimile:    (832) 539-4899
E-mail:       service@colelawtx.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 30th day of March 2021.

Jad J. Stepp                                                   *Via email: jstepp@ss-pc.com*
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
**Counsel for Defendant United Airlines, Inc.**

Marc Michael Rose                                         *Via email: marc@roselg.com*
ROSE LAW GROUP, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 77024
**Counsel for Defendants ABM Aviation, Inc.,
Jessica Mora, Prystal Milton, and Antonio DeLeon**

Patrick J. Comerford                        *Via email: pcomerford@rigbyslack.com*
RIGBY SLACK LAWRENCE BERGER AKINC PEPPER & COMERFORD, PLLC
3500 Jefferson Street, Suite 330
Austin, Texas 78731
**Counsel for Defendant Expressjet Airlines, Inc.**

_____
Robert E. Ammons / Justin D. Burrow

## PLAINTIFFS' FIRST AMENDED RESPONSES TO
## ALL DEFENDANTS' REQUESTS FOR DISCLOSURE

(a)     The correct names of the parties to the lawsuit;

**RESPONSE:**

> **Kimberly F. Mills, Individually As Heir at Law and As Independent Administrator of the Estate of Arthur Mills, Deceased - Plaintiff**
> **Jeremy M. Mills - Plaintiff**
> **Levi C. Mills - Plaintiff**
> **April C. Webb – Plaintiff**
>
> **United Airlines, Inc. - Defendant**
> **ExpressJet Airlines, LLC - Defendant**
> **ABM Aviation, Inc. - Defendant**
> **Simplicity Ground Services, LLC d/b/a Simplicity - Defendant**
> **Antonio DeLeon - Defendant**
> **Jessica Mora - Defendant**
> **Prystal Milton - Defendant**

(b)     The name, address, and telephone number of any potential parties;

**RESPONSE: None at this time.**

(c)     The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

**RESPONSE:**

## FACTUAL BACKGROUND

Every day, there are more than 44,000 flights and 2.7 million airline passengers across more than 29 million square miles of airspace.[1] These passengers are required to abide by strict guidelines and restrictions throughout the entire flight experience. Airline passengers follow these policies and procedures implemented by airlines because they trust and believe doing so will result in a safer and more enjoyable flight experience.

Inclusive to a large number of everyday airline passengers are passengers with disabilities who also travel. Airlines must accommodate the needs of air travelers with disabilities.[2] Airlines

---

[1] www.faa.gov/air_traffic/by_the_numbers/.

[2] www.transportation.gov/individuals/aviation-consumer-protection/traveling-disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20disability.

are required to provide passengers with disabilities with many types of assistance, including wheelchair or other guided assistance to board, deplane, or connect to another flight, seating accommodation assistance that meets passengers' disability-related needs, and assistance with the loading and stowing of assistive devices.[3]

Some of the rules and restrictions limit the number of people that can help get people with disabilities on and off airplanes. Quite simply, airlines will not allow extra people to board planes to help people with disabilities get on and off. To compensate for the reduction of other passengers, airlines provide individuals who are expected to be trained professionals to assist in safely moving such passengers with disabilities.

Unfortunately, airlines and the companies they hire to assist people with severe disabilities are never qualified, trained, or supervised to safely do their jobs. They are so poorly trained and supervised that people are injured regularly.

This is the case of one man losing his life to that incompetence. Plaintiffs bring this lawsuit to recover for the death of Plaintiffs' husband and father, Arthur Mills, Deceased, resulting directly and proximately from the negligence and gross negligence of Defendants.

Arthur Mills, Deceased, was in a vehicular crash on December 8, 2018, in which he suffered a catastrophic spinal cord injury that rendered him a quadriplegic. Arthur Mills, Deceased, was initially treated for his injuries at Covenant Medical Center in Lubbock, Texas, and was transported to TIRR Memorial Hermann in Houston, Texas two (2) weeks later on December 21, 2018.

After six (6) weeks of intense inpatient rehabilitation, Arthur Mills, Deceased finally began gaining strength and was medically cleared to go home to his family. While he knew he had a long road ahead of him, he was happy to be able to leave the hospital and continue his rehabilitation in an outpatient setting.

Unfortunately, Arthur Mills, Deceased, was further injured on February 7, 2019, while Defendants attempted to transport him back to his home in Levelland, Texas.

Due to the negligent hiring, training, and supervision of Defendant ABM Aviation, Inc.,[4] Arthur Mills, Deceased, was dropped by Defendants Jessica Mora and Prystal Milton, during the boarding process while being placed in his seat on the outgoing flight of Defenants United Airlines, Inc. and/or ExpressJet Airlines, LLC from Houston to Lubbock, Texas.

While on board the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC, Arthur Mills, Deceased, began experiencing pain in the back of his neck and lost feeling in

---

[3] www.transportation.gov/individuals/aviation-consumer-protection/traveling
disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20 disability.

[4] Defendant ABM Aviation, Inc. provides ground transportation services in Lubbock under a subcontract with Defendant Simplicity Ground Services, LLC d/b/a Simplicity —a company part of Menzies Aviation specializing in providing passenger and ramp handling services at airports.

his hands.  Arthur Mills, Deceased, informed the flight staff of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

Arthur Mills, Deceased, was dropped on the floor by the transportation staff of Defendant ABM Aviation, Inc. a second time, upon arriving at the Lubbock airport.  When Defendant Antonio DeLeon attempted to help Arthur Mills, Deceased, he dropped him.  The second drop fractured the lumbar spine of Arthur Mills, Deceased, which he did not have before boarding the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

The Lubbock Fire Department was eventually called to assist with lifting Arthur Mills, Deceased, from the ground to the ambulance, to prevent any further injury.  Arthur Mills, Deceased, endured yet another hospital stay to treat his broken back caused by the transportation staff of Defendant ABM Aviation, Inc.  Regrettably, Arthur Mills, Deceased, never recovered from his injuries and continuously deteriorated the last four (4) months of his life.

After being home for a couple of weeks, he was taken back to Covenant Medical Center in Lubbock, Texas where he was first treated.  Arthur Mills, Deceased, was admitted at Covenant Medical Center for approximately three (3) weeks and then transferred to another facility for two (2) months.

On June 6, 2019, Arthur Mills, Deceased, died as a result of complications of blunt force trauma including quadriplegia and tracheostomy dependent bronchopneumonia, per his autopsy report.  Arthur Mills, Deceased, was home for only five (5) days before he died.

During the last three (3) weeks of his life, Arthur Mills, Deceased, severely suffered, as his lungs were slowly collapsing.  Amongst other invasive procedures, he underwent repeated bronchoscopies to remove the mucus from his lungs to no avail.

The injuries of Arthur Mills', Deceased, started with the vehicular wreck and were exacerbated by the transportation-related trauma caused by the Defendants named in this lawsuit, without which Arthur Mills, Deceased,  would still be alive today.

Arthur Mills, Deceased, did not leave Houston with any underlying medical conditions that would cause his body to become weak and die.  Undoubtedly, the subsequent fall of Arthur Mills, Deceased, was a substantial factor in his death.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANTS JESSICA MORA AND PRYSTAL MILTON)

Defendants Jessica Mora and Prystal Milton owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care.  Defendants Jessica Mora and Prystal Milton breached such duties by committing the following acts and/or omissions:

    a.      Dropping Arthur Mark Mills, Deceased, in Houston on the outgoing flight to Lubbock, Texas; and

    b.      Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendants Jessica Mora and Prystal Milton. Further, Defendants Jessica Mora and Prystal Milton were acting within the course and scope of such employment at the time of the incident in question.

Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendants Jessica Mora and Prystal Milton, as described above. Further, each of the negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc. and its employees, Defendants Jessica Mora and Prystal Milton, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

## <u>SECOND CAUSE OF ACTION</u>
### (NEGLIGENCE OF DEFENDANT ANTONIO DELEON)

Defendant Antonio DeLeon owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care. Defendant Antonio DeLeon breached such duties by committing the following acts and/or omissions:

    a.      Dropping and falling onto Arthur Mark Mills, Deceased, in Lubbock on the arriving flight from Houston, Texas, fracturing the lumbar spine of Arthur Mills, Deceased; and

    b.      Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendant Antonio DeLeon. Further, Defendant Antonio DeLeon was acting within the course and scope of such employment at the time of the incident in question.

Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendant Antonio DeLeon, as described above. Further, each of the below negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc.'s employees, Defendant Antonio DeLeon, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

## THIRD CAUSE OF ACTION
## (NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION
## DEFENDANTS ABM AVIATION, INC.)

Through the acts of their agents, employees, and/or representatives, Defendant ABM Aviation, Inc. is independently liable to Plaintiffs because Defendant ABM Aviation, Inc. breached its duties owed to Arthur Mark Mills, Deceased, by failing to act as reasonably prudent transporter would have done under the same or similar circumstances. Plaintiffs would show that Defendant ABM Aviation, Inc. was negligent in hiring, supervising, training, and retaining Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon as transporters of passengers with disabilities and special needs.

Defendant ABM Aviation, Inc. knew, or in the exercise of ordinary care, should have known that Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon were unfit and unqualified employees who were transporting passengers with disabilities and special needs without proper training and proper supervision. Such negligence was a proximate cause of the incident, the death of Arthur Mark Mills, Deceased, and the Plaintiffs' damages.

## FOURTH CAUSE OF ACTION
## (NEGLIGENCE OF DEFENDANTS UNITED AIRLINES, INC. AND
## EXPRESSJET AIRLINES, LLC)

The flight at issue was being operated under a joint venture and/or partnership agreement between Defendants United Airlines, Inc. and ExpressJet Airlines, LLC.

Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal. Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner. Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plane. Without limitation, Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to make available all appropriate safety measures and devices while boarding and deboarding the plane. The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules.

Nothing Arthur Mark Mills, Deceased, did or failed to do caused or in any way contributed to causing his death or Plaintiffs' resulting damages.

Due to the wrongful acts, carelessness, unskillfulness, and negligence of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, they should be held liable for the fatal injuries to Arthur Mark Mills, Deceased, and the damages to Plaintiffs.

## FIFTH CAUSE OF ACTION
## (GROSS NEGLIGENCE – ALL DEFENDANTS)

The acts and/or omissions of Defendants are so egregious that they would rise to the level of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Defendants were carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that would, in reasonable probability, result in human death, great bodily injury, or property damage.

Defendants engaged in acts and/or omissions that, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

Defendants, their management, and/or employees had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. These acts and/or omissions, singularly or in combination, constitute malice that proximately caused the death of Arthur Mark Mills, Deceased, and the Plaintiffs' resulting damages.

Because Defendants' acts constitute gross negligence, their conduct justifies a recovery of exemplary or punitive damages as a deterrent to the further willful and malicious conduct, among other things, on the part of Defendants. Plaintiffs herein sue for exemplary damages against Defendants.

(d)     The amount and any method of calculating economic damages;

**RESPONSE:**

**Economic damages will be calculated by an economist using acceptable methods of calculating. Past medical expenses will be calculated by simple addition.  Plaintiff is currently aware of the following medical expenses and will provide copies of the records reflecting such charges which are as follows:**

| Provider | Dates of Service | Charges Incurred | Amount Paid by Insurance /Client | Amount Adjusted/Write off | Amount Owed | Paid/Incurred |
|---|---|---|---|---|---|---|
| Covenant Health Physical Medicine & Rehab | 02/08/19-03/12/19 | $ 7,979.00 | $ 5,275.30 | $ 2,703.70 | $ 0.00 | $ 5,275.30 |
| Covenant Medical Center | 02/08/19-05/30/19 | $ 821,706.91 | $ 343,703.95 | $ 478,002.96 | $ 0.00 | $ 343,703.95 |
| Trustpoint Rehab Hospital of Lubbock | 03/13/19-05/10/19 | $ 173,212.05 | $ 75,256.00 | $ 97,956.05 | $ 0.00 | $ 75,256.00 |
| University Medical Center | 02/07/19 | $ 1,574.00 | $ 401.37 | $ 1,172.63 | $ 0.00 | $ 401.37 |
| | | | | | $ 0.00 | $ 0.00 |
| | | | | | $ 0.00 | $ 0.00 |
| TOTAL CHARGES TO DATE* | | $1,004,471.96 | $ 424,636.62 | $ 579,835.34 | $ 0.00 | $ 424,636.62 |

Plaintiffs are statutory beneficiaries of Arthur Mills, Deceased, and are entitled to bring an account on account of his wrongful death.

Plaintiffs bear the following relationships to Arthur Mills, Deceased:

a.    Kim Mills        –    Wife;
b.    Jeremy Mills     –    Son;
c.    Levi Mills       –    Son; and
d.    April Mills      –    Daughter.

As a proximate result of the above acts and/or omissions on the part of Defendants, Plaintiffs have suffered pecuniary damages due to the death of Arthur Mills, Deceased, including loss of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would in reasonable probability have received from Arthur Mills, Deceased, during his lifetime, had he lived.

Plaintiffs have suffered additional losses by the destruction of the spousal and parent/child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.

Plaintiffs have suffered severe mental depression and anguish, grief and sorrow, as a result of the death of Arthur Mills, Deceased, and are likely to continue to suffer for a long time into the future.

For these losses, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek damage over minimal jurisdictional limits of this Court.

Further, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek both pre-judgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief both in law and equity, to which they may be entitled.

Under Section 71.021 of the Texas Civil Practice and Remedies Code ("Texas Survival Statute"), Plaintiffs seek recovery from Defendants for the mental anguish suffered by Arthur Mills, Deceased, from the moment he became aware of the incident in question, until the time of his death.

Plaintiffs were the spouse and children of Arthur Mills, Deceased. As a direct and proximate result of the negligence of Defendants, as described above, there has been a sudden and unexpected severance of the spousal and parent/child relationship between Plaintiffs and the Decedent.

Under Sections 71.001-71.012 of the Texas Civil Practice and Remedies Code ("Texas Wrongful Death Statute"), Plaintiffs, as wrongful death beneficiaries and as heirs of Arthur Mills, Deceased, bring this action to recover just compensation for the damages that they have suffered as the result of the death of their father and husband.

a.    Plaintiffs' mental pain and anguish, meaning the emotional pain,

torment, and suffering they have experienced because of the untimely and unexpected death of Arthur Mills, Deceased;

b.      Plaintiffs' loss of companionship and society from the date of the incident to the time of trial, including but not limited to, the loss of the positive benefits flowing from the love, comfort, companionship, and society that the deceased's spouse and children, in reasonable probability, would have received from Arthur Mills, Deceased, had he lived;

c.      Plaintiffs' pecuniary losses, including, but not limited to, the loss of the advice, counsel, services, care, maintenance, and support of Arthur Mills, Deceased, that the deceased's spouse and children, in reasonable probability, would have received from the deceased had he lived;

d.      All elements of damages available under the survival statute;

e.      All elements of damages available under the wrongful death statute;

f.      Loss of inheritance;

g.      Punitive or exemplary damages; and

h.      Reasonable costs, expenses, and interests.

Plaintiffs would additionally show that this claim is brought under Chapter 71 et. seq. of the Texas Civil Practice and Remedies Code, including, but not limited to, § 71.002, 71.004, and 71.021.  Additionally, under §71.004, this action is brought by and for the benefit of all wrongful death beneficiaries.

The damages to Plaintiffs stated herein are within the jurisdictional limits of this Court and, based on the information presently available, Plaintiffs seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, and expenses.

Plaintiffs would ask that a fair, reasonable, and impartial jury assess damages in this case. Actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury.

(e)      The name, address, and telephone number of persons knowing relevant facts, and a brief statement of each identified person's connection with the case;

RESPONSE: Please see "Exhibit A: Persons with Knowledge of Relevant Facts," which is attached hereto and incorporated herein for all purposes.

(f)      For any testifying expert:
         (1)      The expert's name, address, and telephone number;

(2)     The subject matter on which the expert will testify;

(3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4)     If the expert is retained by, employed by, or otherwise subject to the control of the responding party;

  (A)     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

  (B)     The expert's current resume and bibliography.

**RESPONSE: Testifying experts have not yet been determined. Plaintiff will supplement this response in accordance with the Texas Rules of Civil Procedure and any applicable Docket Control Order entered by the Court. Plaintiff will refer Defendant to all treating medical professionals listed in the attached medical records.**

(g)     Any indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE:  None at this time.**

(h)     Any settlement agreements described in Rule 192.3(g).

**RESPONSE: None at this time.**

(i)     Any witness statements described in Rule 192.3(h).

**RESPONSE: None at this time.**

(j)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

*Please see the following documents, which are being produced again via DropBox:*

*https://www.dropbox.com/sh/3084oerr8kjhmjr/AABrqKZUvbX3CwppUB9N4Ywza?dl=0*

| Description | Record Type | Bates Beginning | Bates Ending |
|---|---|---|---|
| *Covenant Health System [B]* | *Billing* | *P000001* | *P000074* |
| *Covenant Physical Medicine & Rehab [B]* | *Billing* | *P000075* | *P000097* |

| Description | Record Type | Bates Beginning | Bates Ending |
|---|---|---|---|
| *Covenant Physical Medicine & Rehab [M]* | *Medical* | *P000098* | *P000117* |
| *TrustPoint Rehabilitation [M]* | *Medical* | *P000118* | *P001770* |
| *Trustpoint Rehabilitation Hospital of Lubbock [B]* | *Billing* | *P001771* | *P001815* |
| *University Medical Center EMS [B]* | *Billing* | *P001816* | *P001820* |
| *2019.02.06 TIRR release for air travel* | *TIRR – Infml* | *P001821* | *P001821* |
| *2019.02.07 TIRR Discharge documents* | *TIRR – Infml* | *P001822* | *P001834* |
| *2019.02.07 TIRR Transfer of Care documents* | *TIRR – Infml* | *P001835* | *P001851* |
| *Autopsy report - preliminary* | *Autopsy* | *P001852* | *P001853* |
| *Autopsy report* | *Autopsy* | *P001854* | *P001858* |
| *Lubbock Fire Marshal's [Acc]*<br>• *CAD Notes [Acc] [Infml]*<br>• *Dispatch Rpt [Acc] [infml]*<br>• *Dispatch Call Audio [Acc]* | *FOIA* | *P001859* | *P001867* |
| *Covenant Medical Center [M]* | *Medical* | *P001868* | *P004740* |

(k)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE: See response to (j).**

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:  None known at this time.**

CAUSE NO. 2020-69428

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | **IN THE DISTRICT COURT OF** |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLS, and on Behalf** | § | |
| **of the Beneficiaries to the Estate to include** | § | |
| **JEREMY M. MILLS, LEVI C. MILLS** | § | |
| **and APRIL C. WEBB, Each Individually** | § | |
| **and as WRONGFUL DEATH** | § | |
| **BENEFICIARIES OF ARTHUR** | § | |
| **MARK MILLS, Deceased** | § | |
|     *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **UNITED AIRLINES, INC., ABM** | § | |
| **AVIATION INC., SIMPLICITY** | § | |
| **GROUND SERVICES, LLC d/b/a** | § | |
| **SIMPLICITY USA, ANTONIO DELEON,** | § | |
| **JESSICA MORA, and PRYSTAL** | § | |
| **MILTON** | § | |
|     *Defendants* | § | **157th JUDICIAL DISTRICT** |

## EXHIBIT A: PERSONS WITH KNOWLEDGE OF RELEVANT FACTS

**I.**    <u>**PARTIES**</u>

**Crandell Mills**
**217 Ave U**
**Levelland, Texas 79336**
**(806) 638-2197**
    *Plaintiff*

**Jeremy M. Mills**
**2823 62nd Street**
**Lubbock, Texas 79413**
**(806) 786-8130**
    *Plaintiff*

**Levi Chance Mills**
**12386 W. Tunney Ave.**
**Avondale, Arizona 85392**
**(907) 782-7198**
    *Plaintiff*

**April Webb**
**12508 Elgin Ave.**
**Lubbock, Texas 79423**
**(806) 300-7463**
    *Plaintiff*

**United Airlines, Inc.**
**233 South Wacker Drive**
**Chicago, Illinois 60606**
**(773) 601-3350**
    *Defendant*

**ExpressJet Airlines**
**17795 JFK Boulevard**
**Houston, Texas 77032**
**(832) 234-5030**
    *Defendant*

**ABM Aviation, Inc.**
**14141 Southwest Freeway # 477**
**Sugarland, Texas 77478**
**(713) 776-5100**
    *Defendant*

**Simplicity Grounds Services, LLC d/b/a Simplicity USA**
**2520 World Gateway Place**
**DTW International Airport**
**Michigan 48242**
**(734) 941-0512**
    *Defendant*

**Antonio Deleon**
**4106 East 1st Place**
**Lubbock, Texas**
**Telephone number unknown**
    *Defendant*

**Jessica Marie Mora**
**311 Melbourne Street**
**Houston, Texas 770022-5456**
**Telephone number unknown**
    *Defendant*

**Prystal Milton**
**910cypress Station Drive**
**Apt 307**

**Houston, Texas 77090**
**Telephone number unknown**
> *Defendant*

## II.    INCIDENT RELATED

**Lubbock Fire Marshal's Office**
And Custodian of Billing and Medical Records
1601 Mac Davis Lane
Lubbock, Texas 79401
(806) 775-2646
> *Was dispatched to the scene of the incident.*

## III.    HEALTHCARE PROVIDERS

**McKay, Greg A MD**
**Purtell, Adam K MD**
**Covenant Rehab Hospital/ Trustpoint Rehabilitation Hospital of Lubbock**
**Medical Providers, agents, and custodian of records**
**4302 Princeton Street**
**Lubbock, Texas 79415**
**(806) 749-2222**
> *Provided medical treatment.*

**University Medical Center**
**602 Indiana Ave.**
**Lubbock, Texas 79415-3364**
**(806) 761-0844**
> *Provided medical treatment*

**Matthew Edward Davis, MD**
**Brian J. Morkiewicz, MD**
**Steven Kuei-Ku Lin, MD**
**Sadha Sudhakar Tallavajhula, MD**
**Yuri Michael Gelfand, MD**
**Galamagkas, Kyriakos MD**
**Kumar, Dharmendra MD**
**Sambasivan, Ajai MD**
**Bertini Jr., John E. MD**
**Barr,Jeffrey V MD**
**Dr. Jack Shannon**
**Joe A. Pedroza ACNP-BC**
**Laura Lowe, LVN**
**TIRR Memorial Hermann Rehabilitation & Research**
**Medical providers, agents, and custodian of records**
**1333 Moursund**

**H-112**
**Houston, Texas 77030**
**(713) 797-5201**
 *Provided Physical Therapy for injuries sustained while boarding and deboarding and Cleared Mr. Mills, deceased, for air travel.*

**Tracy J. Dyer M.D., J.D.**
**Lone Star Autopsy LLC**
**Medical providers, agents, and custodian of records**
**P.O. Box 140647**
**Dallas, Texas 75214-0647**
 *Forensic Pathologist*

**Autopsy Associates of North Texas**
**P.O. Box 724**
**Denton, Texas 76202**
**(940) 390-3834**

 **All medical personnel is expected to testify regarding their education, experience, and credentials as physicians or healthcare providers. These witnesses have reviewed the records of Plaintiff and/or have examined Plaintiff. These witnesses will testify concerning their diagnosis(ses), treatment recommendations, and prognosis(ses) for Plaintiff, and the reasonableness and necessity of the charges for professional services rendered. These witnesses are further expected to testify that in reasonable probability Plaintiff's injuries were proximately caused by or as a result of the incident made the basis of this lawsuit. These witnesses believe that the medical bills and expenses incurred by Plaintiff were reasonable and necessary.**