## CAUSE NO. 2020-69428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, and on Behalf of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, Each Individually and as WRONGFUL DEATH BENEFICIARIES OF ARTHUR MARK MILLS, Deceased | § § § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| v. | § § | 157TH JUDICIAL DISTRICT |
| UNITED AIRLINES, INC., EXPRESSJET AIRLINES, LLC, ABM AVIATION, INC., SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA and PRYSTAL MILTON, | § § § § § § § § | |
| *Defendants*. | § § | HARRIS COUNTY, TEXAS |

## STATE COURT PLEADINGS INDEX

| Tab | Description | Filed |
|---|---|---|
| 1 | Plaintiffs' Original Petition, Requests for Disclosures, and Request for Jury Trial | 10/28/2020 |
| 2 | Executed Return of Service to Prystal Milton | 11/04/2020 |
| 3 | Executed Return of Service to Simplicity Ground Services, LLC d/b/a Simplicity USA | 11/09/2020 |
| 4 | Executed Return of Service to ABM Aviation, Inc. | 11/11/2020 |
| 5 | Executed Return of Service to ABM Aviation, Inc. | 11/11/2020 |
| 6 | Executed Return of Service to United Airlines, Inc. | 11/11/2020 |
| 7 | Executed Return of Citation to Antonio DeLeon | 11/20/2020 |
| 8 | Defendants ABM Aviation, Inc., Jessica Mora, and Prystal Milton's Original Answer to Plaintiff's Original Petition and Request for Disclosures | 11/22/2020 |

| Tab | Description | Filed |
|-----|-------------|-------|
| 9 | Original Answer, Jury Demand, and Request for Disclosure of Defendant United Airlines, Inc. | 11/23/2020 |
| 10 | Original Answer of Defendant Simplicity Ground Services, LLC | 01/15/2021 |
| 11 | Plaintiffs' First Amended Petition | 02/01/2021 |
| 12 | Executed Return of Service to Antonio DeLeon | 02/08/2021 |
| 13 | Executed Return of Service to ExpressJet Airlines, LLC | 02/08/2021 |
| 14 | Defendant Antonio DeLeon's Original Answer | 02/26/2021 |
| 15 | Defendant Antonio DeLeon's Original Answer to Plaintiff's Original Petition and Request for Disclosures | 02/28/2021 |
| 16 | Defendant ExpressJet Airlines, LLC's Original Answer and Jury Demand | 03/08/2021 |

# TAB 1

10/28/2020 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47613937
By: Monica Jackson
Filed: 10/28/2020 4:09 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | **IN THE DISTRICT COURT OF** |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLS, and on behalf** | § | |
| **Of the Beneficiaries to the Estate to include** | § | |
| **JEREMY M. MILLS, LEVI C. MILLS** | § | |
| **AND APRIL C. WEBB, Each Individually** | § | |
| **And as WRONGFUL DEATH** | § | |
| **BENEFICIARIES** | § | |
| **Of ARTHUR MARK MILLS,** | § | |
| **DECEASED** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **UNITED AIRLINES, INC., ABM** | § | |
| **AVIATION INC., SIMPLICITY** | § | |
| **GROUND SERVICES, LLC d/b/a** | § | |
| **SIMPLICITY USA, ANTONIO DELEON** | § | |
| **JESSICA MORA, and PRYSTAL** | § | |
| **MILTON** | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, KIMBERLY F. MILLS, Individually and As Independent Executrix of the Estate of ARTHUR MARK MILLS, and on behalf of the Beneficiaries of the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, each individually and as wrongful death beneficiaries of ARTHUR MARK MILLS, DECEASED hereinafter referred to as "Plaintiffs" complaining of UNITED AIRLINES INC., ABM AVIATION INC., SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA and individually ANTONIO DELEON, JESSICA MORA, and PRYSTAL MILTON hereinafter referred to as "Defendants," and for cause of action would respectfully show the Court as follows:

## I.  DISCOVERY LEVEL

1.      Plaintiffs intend to conduct discovery in this matter in accordance with Level Three of Texas Rule of Civil Procedure 190.  At the time of filing this lawsuit, Plaintiffs seek monetary relief over $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest in accordance with TRCP paragraph (c) (5) of R. 47; however, Plaintiffs ultimately will allow a jury to determine the full value of damages.  Plaintiffs reserve the right to amend this petition, including this provision, as the case continues.

## II.  PARTIES

2.      Plaintiff, KIMBERLY F. MILLS, is an individual residing in Levelland, Hockley County, Texas.  In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the last three numbers of KIMBERLY F. MILLS' social security number are 877.  KIMBERLY F. MILLS brings this action as the independent executrix of the estate and as surviving spouse and wrongful death beneficiary of Arthur Mark Mills, Deceased ("Decedent" or "Mr. Mills").

3.      Plaintiff, JEREMY M. MILLS, is an individual residing in Lubbock, Lubbock County, Texas.  In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the last three numbers of JEREMY M. MILLS' social security number are 321. JEREMY M. MILLS brings this action as a surviving son and as wrongful death beneficiary of Arthur Mark Mills, Deceased ("Decedent").

4.      Plaintiff, LEVI C. MILLS, is an individual residing in Levelland, Hockley County, Texas.  In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the last three numbers of LEVI C. MILLS' social security number are 326.  LEVI C. MILLS brings this action as a surviving son and as wrongful death beneficiary of Arthur Mark Mills, Deceased ("Decedent").

5.     Plaintiff, APRIL C. WEBB, is an individual residing in Levelland, Hockley County, Texas.   In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the last three numbers of APRIL C. WEBB's social security number are 596.  APRIL C. WEBB brings this action as a surviving daughter and as wrongful death beneficiary of Arthur Mark Mills, Deceased ("Decedent").

6.     Defendant, UNITED AIRLINES, INC., is a foreign corporation doing business in the State of Texas at Bush Intercontinental Airport and Lubbock Preston Smith International Airport and with its principal place of business located at 233 South Wacker Drive, Chicago, Illinois 60606, and may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, #900 Dallas, Texas 75201-3136.

7.     Defendant, ABM AVIATION, INC. is a domestic corporation doing business in the State of Texas at Bush Intercontinental Airport and Lubbock Preston Smith International Airport and with its principal place of business located at 14141 Southwest Freeway, #477 Sugarland, Texas 77478, and may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201-3136.

8.     Defendant, SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA is a domestic corporation doing business in the State of Texas at Lubbock Preston Smith International Airport and with its principal place of business located at 2520 World Gateway Place, DTW International Airport, Michigan 48242, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East 7th Street, #620, Austin, Texas 78701-3218.

9.     Defendant, ANTONIO DELEON, is an individual residing in 4106 East 1st Place, Lubbock, Texas.  In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the first five numbers of ANTONIO DELEON's social security number are 458-85.  Defendant is an

individual previously employed with one of the named defendants who was directly involved with the incident causing MR. MILLS' injuries.

10.     Defendant, JESSICA MARIE MORA, is an individual residing at 311 Melbourne Street, Houston, Texas 77022-5456. In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the first five numbers of JESSICA MORA's social security number are 634-64. Defendant is an individual previously employed with one of the named defendants who was directly involved with the incident causing MR. MILLS' injuries.

11.     Defendant, PRYSTAL MILTON, is an individual residing in 910 Cypress Station Drive, Apt. #307, Houston, Texas 77090.  In accordance with § 30.014 of the Texas Civil Practice and Remedies Code, the first five numbers of PRYSTAL MILTON's social security number are 621-89. Defendant is an individual previously employed with one of the named defendants who was directly involved with the incident causing MR. MILLS' injuries.

### III.  JURISDICTION AND VENUE

12.     Venue is proper in Harris County, Texas because MR. MILLS started his journey in Harris County, Texas and was initially dropped in Harris County, Texas.

13.     Additionally, the named defendants, previous employees of other named defendants, JESSICA MORA and PRYSTAL MILTON, were responsible and directly involved with the incident involving MR. MILLS and are residents of Harris County, Texas.

### IV.  FACTS

14.     Every day, when there is not a global pandemic, there are more than 44,000 flights and 2.7 million airline passengers across more than 29 million square miles of airspace.[1] These passengers are required to abide by strict guidelines and restrictions throughout the entire flight

---

1  https://www.faa.gov/air_traffic/by_the_numbers/

experience. Airline passengers follow these policies and procedures implemented by airlines because they trust and believe doing so will result in a safer and more enjoyable flight experience.

15.     Inclusive to the large amount of everyday airline passengers are passengers with disabilities. Airlines must accommodate the needs of air travelers with disabilities.[2] Airlines are required to provide passengers with disabilities many types of assistance, including wheelchair or other guided assistance to board, deplane, or connect to another flight; seating accommodation assistance that meets passengers' disability-related needs; and assistance with the loading and stowing of assistive devices.[3]

16.     Some of the rules and restrictions limit the number of people that can help get people with disabilities on and off airplanes. Quite simply, airlines will not allow extra people to board planes to help people with disabilities get on and off.  Airlines provide individuals who are expected to be trained professionals to assist in safely moving such passengers instead of allowing people with disabilities to bring helpers on board who are not flying to transport them.

17.     Unfortunately, airlines and the companies they hire to assist people with severe disabilities are rarely qualified, trained or supervised to safely do their jobs.  In fact, they are so poorly trained and supervised, people are injured regularly.

18.     This is the case of one man losing his life to that incompetence.  Plaintiffs bring this lawsuit to recover for the death of Plaintiffs' husband and father, MR. MILLS, resulting directly and proximately from the negligence and gross negligence of Defendants.

---

2 https://www.transportation.gov/individuals/aviation-consumer-protection/traveling-disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20disability.
3 https://www.transportation.gov/individuals/aviation-consumer-protection/traveling-disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20disability.

19.     MR. MILLS was in a car crash on December 8, 2018, in which he suffered a spinal cord injury that rendered him a quadriplegic. MR. MILLS was initially treated for his injuries at Covenant Medical Center in Lubbock, Texas and was transported to TIRR Memorial Hermann in Houston, Texas two (2) weeks later on December 21, 2018.

20.     After six (6) weeks of intense inpatient rehabilitation, MR. MILLS gained strength and was medically cleared to go home to his family. He was happy to be able to leave the hospital and go home.

21.     Unfortunately, MR. MILLS was further injured on February 7, 2019 while Defendants attempted to transport him back to his home in Levelland, Texas.

22.     Due to the negligent hiring, training, and supervision of Defendant ABM AVIATION,[4] MR. MILLS was dropped by ABM employees believed to be defendants JESSICA MARIE MORA and PRYSTAL MILTON, during the boarding process while being placed in his seat on the outgoing UNITED AIRLINES, INC., flight from Houston to Lubbock, Texas.

23.     While onboard the UNITED AIRLINES, INC. flight, MR. MILLS began experiencing pain in the back of his neck and lost feeling in his hands. MR. MILLS informed UNITED AIRLINES, INC. flight staff that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by UNITED AIRLINES, INC.

24.     MR. MILLS was dropped on the jetway by an ABM AVIATION subcontractor, SIMPLICITY USA's transportation staff, believed to be ANTONIO DELEON, a second time,

---

4 ABM AVIATION provides ground transportation services in Lubbock under a subcontract with SIMPLICITY USA—a company part of Menzies Aviation specializing in providing passenger and ramp handling services at airports.

upon arriving at the Lubbock airport.  When ANTONIO DELEON attempted to transfer MR. MILLS, he dropped him.  The combination of the treatment caused a lumbar fracture in MR. MILLS' back, which he did not have prior to boarding the UNITED AIRLINES, INC. flight.  MR. MILLS was forcefully and improperly shoved into his wheelchair which had been broken by the airline in transit.

25.    The Lubbock Fire Department was eventually called to assist MR. MILLS. MR. MILLS endured yet another hospital stay to treat his broken back caused by Defendants. Regrettably, MR. MILLS never recovered from his injuries and continuously deteriorated the last four (4) months of his life.

26.    On June 6, 2019, MR. MILLS died as result of complications from his injuries sustained from Defendants.

27.    During the last three (3) weeks of his life, MR. MILLS severely suffered, as his lungs were slowly collapsing.  Amongst other invasive procedures, he underwent repeated bronchoscopies to remove the mucus from his lungs, to no avail.

28.    MR. MILLS' injuries started with the car wreck and were exacerbated by the transportation-related trauma caused by the Defendants named in this lawsuit, without which MR. MILLS would still be alive today.

29.    MR. MILLS did not leave Houston with any underlying medical conditions that would cause his body to become weak and die.  Undoubtedly, MR. MILLS' treatment at the hands of Defendants was a substantial factor in his death.

## V.  CAUSES OF ACTION AGAINST UNITED AIRLINES, INC. AND ABM AVIATION, INC.

30.    Plaintiffs bring suit for the benefit of all entitled to assert such an action.

**A)    WRONGFUL DEATH**

Plaintiffs incorporate the foregoing paragraphs as if set forth verbatim herein.

31.     This suit is brought under the Texas Wrongful Death and Survival Statutes as set forth in Chapter 71(A) and (B) of the Texas Civil Practice and Remedies Code.  As a result of Defendants' actions and omissions, MR. MILLS experienced injuries that caused his death. Plaintiffs seek all damages allowable for this wrongful death.

**B)     SURVIVAL CLAIMS**

Plaintiffs incorporate the foregoing paragraphs as if set forth verbatim herein.

32.     This suit is brought in part pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code.  Defendants are legally obligated for all actual damages surviving to MR. MILLS.

**C)     NEGLIGENCE/GROSS NEGLIGENCE**

Plaintiffs incorporate the foregoing paragraphs as if set forth verbatim herein.

33.     Defendants and/or Defendants' employees owed MR. MILLS a duty of care.

34.     Defendants and/or Defendants' employees breached the duty of care they owed to MR. MILLS.

35.     The wrongful actions and/or omissions of the Defendants and/or Defendants' employees fell below the standard of care and constitute negligence and gross negligence. Specifically, the wrongful actions and/or omissions of the Defendants and Defendants' employees constitute negligence in the following respects:

    a.     In dropping MR. MILLS in Houston on the outgoing flight to Lubbock, Texas;

    b.     In dropping MR. MILLS again upon arrival at Lubbock, Texas;

    c.     In failing to act as that of a reasonably prudent passenger transporter under same or similar circumstances;

     d.     In failing to properly train the employee that assisted MR. MILLS;

     e.     In failing to properly supervise the employee assisting MR. MILLS;

     f.     In failing to use basic human decency when transporting a beloved husband, father and grandfather.

36.     Each of the foregoing acts, singularly or in any combination of one or more, proximately caused the death of MR. MILLS.

37.     MR. MILLS' injuries resulted from Defendants' gross negligence, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of this incident and with the knowledge that they had for years and their failure to do anything about the known risk prior to MR. MILLS, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to MR. MILLS and others.  Defendants had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety, or welfare of others.

## VI. DAMAGES

38.     As the proximate result of Defendants' negligence and gross negligence, Plaintiffs are entitled to monetary compensation for damages in the amount within jurisdictional limits of this Court, as set out further below, and which the jury or trier of fact deems just and fair based upon the evidence, including:

a) The conscious physical pain and mental anguish of MR. MILLS which was suffered by him from the moment he likely perceived the impending drops to the time of his untimely death;

b) All reasonable and necessary expenses for any emergency care, medical treatment, and hospital treatment, as well as funeral and burial expenses incurred on behalf and for the benefit of MR. MILLS;

c) Mental anguish, including emotional pain, torment, and suffering, that Plaintiffs

have experienced from the death of MR. MILLS which has occurred in the past and, in all reasonable probability, will be sustained in the future;

d) The pecuniary loss of care, maintenance, support, services, advice, counsel, and reasonable contribution of pecuniary value that would in reasonable probability, have been received by Plaintiffs from MR. MILLS which has occurred in the past and, in all reasonable probability, will be sustained in the future; and

e) The loss of society and companionship representing the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs would have, with reasonable probability, experienced if MR. MILLS had lived, from the time of the incident in question to the time of trial and in the future.

39.     Plaintiffs would additionally show that this claim is brought pursuant to Chapter 71 et. seq. of the Texas Civil Practice and Remedies Code, including, but not limited to, § 71.002, 71.004, and 71.021.  Additionally, pursuant to §71.004, this action is brought by and for the benefit of all wrongful death beneficiaries.

40.     The damages to Plaintiffs stated herein are within the jurisdictional limits of this Court and, based on the information presently available, Plaintiffs seek monetary relief over $1,000,000.00, including damages of any kind, penalties, costs and expenses.

41.     Plaintiffs would ask that a fair, reasonable, and impartial jury assess the amount of damages in this case. The amount of actual damages awarded should be subject to the evaluation of the evidence by a fair and impartial jury.

## VII. CONDITIONS PRECEDENT

42.     Pursuant to Rule 54 of the Texas Rule of Civil Procedure, Plaintiffs aver that all conditions precedent have been performed or have occurred, and that every notice required by law to be given has been properly and timely given.

## VIII. ALTERNATIVE ALLEGATIONS

43.     To the extent any allegation in the FACTS or CAUSES OF ACTION sections that follow are inconsistent with any other allegation, such inconsistent allegations are plead in the

alternative, pursuant to Texas Rule of Civil Procedure 48. Further, Plaintiffs reserve the right to amend and/or supplement this petition as the case progresses and further factual information is obtained.

## IX. REQUEST FOR DISCLOSURES

44.     Under Texas Rule of Civil Procedure 194, Plaintiffs hereby request that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## X.  RULE 193.7 NOTICE

45.     Plaintiffs give notice to Defendants that they intend to use all discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## XI.  JURY DEMAND

46.     Plaintiffs request a trial by jury whose appropriate fee was paid with the filing of Plaintiffs' Original Petition.

## XII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, that Plaintiffs receive judgment against Defendants in a sum within the jurisdictional limits of this Court, with pre-judgment and post-judgment interest at the highest rate allowed by law, costs of suit, and such other and further relief, legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,

**THE COLE LAW FIRM**

/s/ Tobias A. Cole
Tobias A. Cole
SBN:  24007021
toby@colelawtx.com
Mary E. Allen
SBN:  24116021
mary@colelawtx.com
1616 S. Voss Road., Suite 450
Houston, Texas   77057
Telephone:       832-539-4900
Facsimile:       832-539-4899
E-service:       service@colelawtx.com


**THE AMMONS LAW FIRM, L.L.P.**

/s/ Robert E. Ammons
Robert E. Ammons
SBN:  01159820
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:       713-523-1606
Facsimile:       713-523-4159
Email:           rob@ammonslaw.com
Email:           terri@ammonslaw.com

**ATTORNEYS FOR PLAINTIFFS**

# TAB 2

11/4/2020 10:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47796314
By: Johnathan Johnson
Filed: 11/4/2020 10:23 AM

## CAUSE NUMBER: 2020-69428

**KIMBERLY F. MILLS, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF ARTHUR MARK MILLS,
AND ON BEHALF OF THE BENEFICIARIES
TO THE ESTATE TO INCLUDE JEREMY M.
MILLS, LEVI C. MILLS AND APRIL C.
WEBB, EACH INDIVIDUALLY AND AS
WRONGFUL DEATH BENEFICIARIES OF
ARTHUR MARK MILLS, DECEASED
PLAINTIFF**

**IN THE 157TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**UNITED AIRLINES, INC., ET AL,
DEFENDANT**

### RETURN OF SERVICE

My name is **FRANKIE W. DIAL**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Thursday October 29, 2020 AT 10:03 AM - CITATION**, **PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL** came to hand for service upon **PRYSTAL MILTON**.

On **Monday November 02, 2020** at **06:20 PM -** The above named documents were hand delivered to: **PRYSTAL MILTON @ 2001 BURKE RD #20, PASADENA, TX 77502, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                DECLARATION

"My name is **FRANKIE W. DIAL,** my date of birth is 07/28/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Tuesday November 03, 2020**


**/s/FRANKIE W. DIAL**                    **PSC#419 EXP. 05/31/22**
Declarant                                         Appointed in accordance with State Statutes

2020.10.511122

# TAB 3

11/9/2020 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47918859
By: Johnathan Johnson
Filed: 11/9/2020 10:33 AM

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **157th Judicial District Court**

Case Number: 202069428

Plaintiff:
**KIMBERLY F. MILLS, INDIVIDUALLY AND AS INDEPENDENT
EXECUTRIX OF THE ESTATE OF ARTHUR MARK MILLS, AND ON
BEHALF OF THE BENEFICIARIES OF THE ESTATE TO INCLUDE
JEREMY M. MILLS, LEWIS C. MILLS AND APRIL C. WEBB, ET AL.**

vs.

Defendant:
**UNITED AIRLINES, INC., ABM AVIATION INC., SIMPLICITY GROUND
SERVICES, LLC D/B/A SIMPLICITY USA, ET. AL.**

Received by STINNETT PROCESS, LLC on the 30th day of October, 2020 at 12:07 pm to be served on
**Simplicity Ground Services LLC (d/b/a Simplicity USA) (A Domestic Corporation) c/o R/A:
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th
Street, Suite 620, Austin, TX 78701.**

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **2nd day of November, 2020** at **1:51
pm, I:**

Delivered a true copy of the **Citation Corporate, Plaintiff's Original Petition, Requests for
Disclosures, and Request for Jury Trial** with the date of service endorsed thereon by me, to **Simplicity
Ground Services LLC (d/b/a Simplicity USA) (A Domestic Corporation) c/o R/A: Corporation
Service Company d/b/a CSC-Lawyers Incorporating Service Company**, by delivering to its designated
agent, **John Spidel**, at the address of **211 East 7th Street, Suite 620, Austin, TX 78701, Travis County,**
and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_, County of _Travis_

Subscribed and Sworn to before me on the _02_
day of _November, 2020_ by the affiant
who is personally known to me.

NOTARY PUBLIC

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2022

**STINNETT PROCESS, LLC**
**15511 HWY 71 WEST**
**STE. 110-143**
**BEE CAVE, TX 78738**
**(512) 797-3399**

Our Job Serial Number: SNN-2020001913
Ref: 2020.10.511116

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1u

# TAB 4

11/11/2020 9:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47996868
By: Johnathan Johnson
Filed: 11/11/2020 9:27 AM

## CAUSE NUMBER: 2020-69428

**KIMBERLY F. MILLS, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF ARTHUR MARK MILLS,
AND ON BEHALF OF THE BENEFICIARIES
TO THE ESTATE TO INCLUDE JEREMY M.
MILLS, LEVI C. MILLS AND APRIL C.
WEBB, EACH INDIVIDUALLY AND AS
WRONGFUL DEATH BENEFICIARIES OF
ARTHUR MARK MILLS, DECEASED
PLAINTIFF**

**IN THE 157TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**UNITED AIRLINES, INC., ET AL,
DEFENDANT**

### RETURN OF SERVICE

My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Thursday October 29, 2020 AT 10:03 AM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL** came to hand for service upon **ABM AVIATION INC (A DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM** .

On **Friday October 30, 2020** at **01:10 PM -** The above named documents were hand delivered to: **ABM AVIATION INC (A DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET #900**, DALLAS, TX 75201-3136, **in Person.** by delivering to Terri Thongsavat, Intake Specialist

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                 DECLARATION

"My name is **GUY CONNELLY,** my date of birth is 11/04/1951 my business address is **1320 QUITMAN STREET, HOUSTON, TX 77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Friday November 06, 2020**

 **/s/GUY CONNELLY**                    PSC#2201 EXP. 09/30/22
Declarant                                Appointed in accordance with State Statutes

2020.10.511131

# TAB 5

11/11/2020 9:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48020459
By: LISA COOPER
Filed: 11/11/2020 9:22 PM

## CAUSE NUMBER: 2020-69428

| | |
|---|---|
| **KIMBERLY F. MILLS, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF ARTHUR MARK MILLS, AND ON BEHALF OF THE BENEFICIARIES TO THE ESTATE TO INCLUDE JEREMY M. MILLS, LEVI C. MILLS AND APRIL C. WEBB, EACH INDIVIDUALLY AND AS WRONGFUL DEATH BENEFICIARIES OF ARTHUR MARK MILLS, DECEASED PLAINTIFF** | **IN THE 157TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS** |

**VS.**

**UNITED AIRLINES, INC., ET AL, DEFENDANT**

### RETURN OF SERVICE

My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Thursday October 29, 2020 AT 10:03 AM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL** came to hand for service upon **ABM AVIATION INC (A DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM** .

On **Friday October 30, 2020** at **01:10 PM -** The above named documents were hand delivered to: **ABM AVIATION INC (A DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET #900**, DALLAS, TX 75201-3136, **in Person.** by delivering to Terri Thongsavat, Intake Specialist

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                    DECLARATION

"My name is **GUY CONNELLY,** my date of birth is 11/04/1951 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Friday November 06, 2020**


 **/s/GUY CONNELLY**                    PSC#2201 EXP. 09/30/22
Declarant                                         Appointed in accordance with State Statutes

2020.10.511131

# TAB 6

11/11/2020 9:24 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47996581
By: Johnathan Johnson
Filed: 11/11/2020 9:24 AM

## CAUSE NUMBER: 2020-69428

**KIMBERLY F. MILLS, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF ARTHUR MARK MILLS,
AND ON BEHALF OF THE BENEFICIARIES
TO THE ESTATE TO INCLUDE JEREMY M.
MILLS, LEVI C. MILLS AND APRIL C.
WEBB, EACH INDIVIDUALLY AND AS
WRONGFUL DEATH BENEFICIARIES OF
ARTHUR MARK MILLS, DECEASED
PLAINTIFF**

**IN THE 157TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**UNITED AIRLINES, INC., ET AL,
DEFENDANT**

### RETURN OF SERVICE

My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Thursday October 29, 2020 AT 10:03 AM - CITATION CORPORATE, PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL** came to hand for service upon **UNITED AIRLINES INC (A FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Friday October 30, 2020** at **01:10 PM -** The above named documents were hand delivered to: **UNITED AIRLINES INC (A FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN STREET #900**, DALLAS, TX 75201-3136, **in Person.**by delivering to Terri Thongsavat, Intake Specialist

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                    DECLARATION

"My name is **GUY CONNELLY,** my date of birth is 11/04/1951 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Friday November 06, 2020**

 **/s/GUY CONNELLY**                          PSC#2201 EXP. 09/30/22
Declarant                                             Appointed in accordance with State Statutes

2020.10.511113

# TAB 7

11/20/2020 4:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48310665
By: LISA COOPER
Filed: 11/20/2020 4:39 PM

## CAUSE NUMBER: 2020-69428

**KIMBERLY F. MILLS, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF ARTHUR MARK MILLS,
AND ON BEHALF OF THE BENEFICIARIES
TO THE ESTATE TO INCLUDE JEREMY M.
MILLS, LEVI C. MILLS AND APRIL C.
WEBB, EACH INDIVIDUALLY AND AS
WRONGFUL DEATH BENEFICIARIES OF
ARTHUR MARK MILLS, DECEASED
PLAINTIFF**

      **IN THE 157TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**UNITED AIRLINES, INC., ET AL,
DEFENDANT**

### RETURN OF SERVICE

My name is **WALTER CHAPMAN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Monday November 16, 2020 AT 10:55 AM - CITATION**, **PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, AND REQUEST FOR JURY TRIAL** came to hand for service upon **ANTONIO DELEON**.

On **Tuesday November 17, 2020** at **09:59 AM** - The above named documents were hand delivered to: **ANTONIO DELEON @ 4106 EAST 1ST PLACE**, **LUBBOCK**, **TX 79403**, **in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                        DECLARATION

"My name is **WALTER CHAPMAN,** my date of birth is 08/30/1954 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **County, State of Texas on Thursday November 19, 2020**

  **/s/WALTER CHAPMAN**                   **PSC#16195 EXP. 02/28/21**
Declarant                              Appointed in accordance with State Statutes

**2020.11.515169**

# TAB 8

11/22/2020 10:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48321238
By: LISA COOPER
Filed: 11/23/2020 12:00 AM

## CAUSE NO. 202069428

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | **IN THE DISTRICT COURT OF** |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLA, and on behalf** | § | |
| **of the Beneficiaries to the Estate to** | § | |
| **include JEREMY M. MILLS, LEVI C.** | § | |
| **MILLS AND APRIL C. WEBB, Each** | § | |
| **Individually and as WRONGFUL** | § | |
| **DEATH BENEFICIARIES OF ARTHUR** | § | |
| **MARK MILLS, DECEASED** | § | |
| *Plaintiffs,* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | |
| | § | |
| **UNITED AIRLINES, INC., ABM** | § | |
| **AVIATION, INC., SIMPLICITY** | § | |
| **GROUND SERVICES, LLC D/B/A** | § | |
| **SIMPLICITY USA, ANTONIO** | § | |
| **DELEON, JESSICA MORA, AND** | § | |
| **PRYSTAL MILTON** | § | |
| *Defendants.* | § | **157th DISTRICT COURT** |
| | § | |

## DEFENDANTS ABM AVIATION, INC., JESSICA MORA, AND PRYSTAL MILTON'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, ABM Aviation, Inc., Jessica Mora, and Prystal Milton (collectively "Defendants") in response to Plaintiffs' Original Petition, reserves the right to file other and further exceptions, denials and affirmative defenses, file this Answer.  In support, thereof, Defendants will respectfully show unto the Court as follows:

# I.
## GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants deny each and every material allegation alleged in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence.

# II.
## AFFIRMATIVE DEFENSES

1.      Defendants aver that the Plaintiffs' Original Petition fails to state a claim or cause of action against Defendants upon which relief can be granted.

2.      Defendants allege that if Decedent was injured as alleged, such injury was the proximate result, in whole or in part, of Decedent's own contributing negligence and any damages to which Plaintiffs are entitled should be reduced in an amount proportionate to the extent that Decedent's negligence contributed to same.

3.      Defendants allege that if Decedent was injured as alleged, then said injuries were proximately caused by, or contributed to risks assumed by Decedent or open and obvious conditions.

4.      Defendants allege that the physical condition of which Plaintiffs complain is due, in whole or in part, to prior occurring injuries or illnesses or subsequent occurring injuries or illnesses to Decedent, or to natural causes and diseases, all unrelated to the alleged incident made the basis of Plaintiffs suit herein.

5.      Defendants allege that the Plaintiffs' damages, if any, were caused in whole or part by the negligence of third parties or persons for whom these Defendants are not legally responsible.

6.       Defendants deny anyone for whom it may be responsible was guilty of any negligence, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

7.       Defendants allege that the Decedent's accident was the result of a superseding and/or intervening cause or causes thereby precluding Plaintiffs from recovering any damages against Defendants herein.

8.       Pleading further and in the alternative, in the event liability is found on the part of the Defendants, which is at all times is denied, Defendants aver that they would be entitled to a credit for the amounts of all compensation, medical expenses, benefits, supplemental payments and advances, paid to and/or on behalf of the Plaintiffs.

9.       Defendants contends, without waiving the foregoing, that Plaintiffs recovery, if any, of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Decedent, pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105.

10.      Defendants contend, the contract of carriage constitutes the entire agreement between Defendants and Plaintiffs and supersedes all other agreements or representations, whether oral or written. The contract of carriage applies and limits Plaintiffs damages.

11.      Pleading further and in the alternative, without waiving the foregoing, Defendants invoke the doctrine of proportionate responsibility.  Accordingly, while Defendants deny any liability herein, Defendants request that the trier of fact compare the relative percentages of fault of the Decedent, Defendants, settling person, and/or any other responsible third party or parties, if any, pursuant to the doctrine of proportionate responsibility as set forth in TEX. CIV. PRAC. & REM. CODE §33.001, *ET SEQ*.

12.     Defendants allege that evidence, if any, offered by Plaintiffs to prove loss of earnings or lost earning capacity must be presented in the form of a net loss after reduction for income tax payments. TEX. CIV. PRAC. & REM. CODE § 18.091.

13.     Defendants invokes the provisions of the Texas Finance Code Chapter 304 regarding limitations and restrictions on recovery of prejudgment and post-judgment interest.

14.     Defendants affirmatively pleads the limitation of punitive damage recoveries provided by § 41.008 of the TEX. CIV. REM. & PRAC. CODE as it applies to Plaintiffs claims herein.

15.     Plaintiffs damages and injuries, if any, were the direct result of Decedent's own failure to mitigate damages.

## III.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiffs are requested to disclose, within thirty (30) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(A)-(L).

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ABM Aviation, Inc., Jessica Mora, and Prystal Milton respectfully request that that Plaintiffs take nothing by its Original Petition, that Defendants recover costs, and are granted such other and further relief to which it may show to be justly entitled.

Respectfully submitted,

ROSE LAW GROUP PLLC

*/s/ Marc Michael Rose*_____
Marc Michael Rose
State Bar No.  24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANTS ABM
AVIATION, INC., JESSICA MORA AND
PRYSTAL MILTON**

## CERTIFICATE OF SERVICE

This is to certify that on November 22, 2020, a true and correct copy of the foregoing document was served by electronic service on:

Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 S. Voss Road, Suite 450
Houston, Texas 77057
Telephone: (832) 539-4900
Facsimile: (832) 539-4899
E-mail: toby@colelawtx.com
E-mail: mary@colelawtx.com
**COUNSEL FOR PLAINTIFFS**

Robert E. Ammons
The Ammon Law Firm, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
E-mail: rob@ammonslaw.com
E-mail: terri@ammonslaw.com
**COUNSEL FOR PLAINTIFFS**

*/s/ Marc Michael Rose*_____
Marc Michael Rose

# TAB 9

11/23/2020 3:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48354159
By: LISA COOPER
Filed: 11/23/2020 3:05 PM

No. 202069428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as | § | IN THE DISTRICT COURT OF |
| Independent Executrix of the Estate of | § | |
| ARTHUR MARK MILLS, and on behalf | § | |
| of the Beneficiaries to the Estate to include | § | |
| JEREMY M. MILLS, LEVI C. MILLS, AND | § | |
| APRIL C. WEBB, Each Individually and as | § | |
| WRONGFUL DEATH BENEFICIARIES | § | |
| OF ARTHUR MARK MILLS, DECEASED, | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| v. | § | |
| | § | |
| UNITED AIRLINES, INC., ABM AVIATION | § | |
| INC., SIMPLICITY GROUND SERVICES, | § | |
| LLC d/b/a SIMPLICITY USA, ANTONIO | § | |
| DELEON, JESSICA MORA, and PRYSTAL | § | |
| MILTON, | § | |
| | § | |
| *Defendants*. | § | 157th JUDICIAL DISTRICT |

## ORIGINAL ANSWER, JURY DEMAND, AND REQUEST FOR DISCLOSURE OF DEFENDANT UNITED AIRLINES, INC.

To the Honorable Judge of this Court:

Defendant UNITED AIRLINES, INC. (hereinafter "Answering Defendant") files this Answer, Jury Demand and Request for Disclosure in response to Plaintiffs' Original Petition and respectfully submits as follows:

## GENERAL DENIAL

1. Pursuant to Texas R. Civ. P. 92, Answering Defendant generally denies all material allegations of Plaintiffs' Original Petition and demands strict proof of the same at trial.

## SPECIAL DENIAL

2. Answering Defendant specially denies that it participated in the transportation of Plaintiff on the date of the incident described in the Original Petition.

## SPECIAL EXCEPTION

3.   Answering Defendant specially excepts to Plaintiffs' Original Petition in that it fails to specify the maximum amount of damages claimed.  Pursuant to Texas R. Civ. P. 47, Answering Defendant requests that the Court sustain their exception and require Plaintiffs to amend their pleading to specify the maximum amount of damages claimed.

## AFFIRMATIVE DEFENSES

4.   Answering Defendant alleges by way of affirmative defense that the occurrence about which Plaintiffs complain was an unavoidable accident; a nonhuman event not proximately caused by the negligence of any party to it.

5.   Answering Defendant alleges by way of affirmative defense that the occurrence about which Plaintiffs complain was caused solely by an act of God, and was not caused by the negligence of any person, in that the occurrence at issue was caused directly and exclusively by the violence of nature, without human intervention or cause, and could not have been prevented by reasonable foresight or care.

6.   Answering Defendant alleges by way of affirmative defense that the alleged injuries and damages were caused or contributed to by a third party over whom Answering Defendant had no supervision or control.

7.   Answering Defendant alleges by way of affirmative defense that the alleged injuries and damages were caused by an intervening or superseding cause for which Answering Defendant is not responsible.

8.   Answering Defendant further alleges by way of affirmative defense that Plaintiffs and Plaintiffs' Decedent assumed the risk of the harms complained of in the Original Petition.

9. Answering Defendant further alleges by way of affirmative defense that Plaintiffs and Plaintiffs' Decedent were contributorily negligent in causing the harms complained of in the Original Petition.

## RULE 193.7 NOTICE

10. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Answering Defendant provides notice of its intent to use all documents produced by the Plaintiffs at any hearings, pretrial proceedings and the trial of this case.

## JURY DEMAND

11. Answering Defendant demands a trial by jury.

## REQUEST FOR DISCLOSURE

12. Pursuant to the Texas Rules of Civil Procedure, Answering Defendant requests that the Plaintiffs disclose the information or material described in Rule 194.2 (a) – (l) within thirty days of the filing of this request.

## PRAYER

THEREFORE, Defendant UNITED AIRLINES, INC. respectfully requests that the Plaintiffs take nothing in their suit against Answering Defendant, Answering Defendant recovers costs of suit, and that Answering Defendant be granted any other relief to which they are justly entitled.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

_____/s/ Jad J. Stepp_____
Jad J. Stepp
State Bar No. 19169100
5300 Memorial Drive, Suite 620
Houston, Texas 77007
Telephone: (713) 336-7200
Facsimile: (713) 336-7250
E-mail: jstepp@ss-pc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for Defendant UNITED AIRLINES, INC. certifies that on this 23rd day of November 2020, a true and correct copy of the foregoing Answer was served on the below-listed parties via United States certified mail, return receipt requested and on counsel of record as noted below:

*Via ECF*
Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 South Voss Road, Suite 450
Houston, Texas 77057

*-and-*


*Via ECF*
Robert E. Ammons
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006

*Attorneys for Plaintiffs*
*KIMBERLY F. MILLS, Individually, as*
*Independent Executrix of the Estate of*
*ARTHUR MARK MILLS, and on behalf*
*of JEREMY M. MILLS, LEVI C.*
*MILLS, and APRIL WEBB, Individually*
*and as WRONGFUL DEATH*
*BENEFICIARIES OF ARTHUR MARK*
*MILLS, DECEASED*

ABM Aviation, Inc.
c/o C T Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Simplicity Ground Services, LLC
c/o Corporation Service Company
d/b/a CSC-Lawyers Incorporating Service Co.
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

Antonio DeLeon
4106 East 1st Place
Lubbock, Texas 79403

Jessica Mora
311 Melbourne Street
Houston, Texas 77022

*-and-*

Prystal Milton
910 Cypress Station Drive, Apt. 307
Houston, Texas 77090

*Defendants*


_____*/s/ Jad J. Stepp*_____
Jad J. Stepp

# TAB 10

1/15/2021 4:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49768780
By: LISA COOPER
Filed: 1/15/2021 4:19 PM

No. 202069428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as | § | IN THE DISTRICT COURT OF |
| Independent Executrix of the Estate of | § | |
| ARTHUR MARK MILLS, and on behalf | § | |
| of the Beneficiaries to the Estate to include | § | |
| JEREMY M. MILLS, LEVI C. MILLS, AND | § | |
| APRIL C. WEBB, Each Individually and as | § | |
| WRONGFUL DEATH BENEFICIARIES | § | |
| OF ARTHUR MARK MILLS, DECEASED, | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| v. | § | |
| | § | |
| UNITED AIRLINES, INC., ABM AVIATION | § | |
| INC., SIMPLICITY GROUND SERVICES, | § | |
| LLC d/b/a SIMPLICITY USA, ANTONIO | § | |
| DELEON, JESSICA MORA, and PRYSTAL | § | |
| MILTON, | § | |
| | § | |
| *Defendants*. | § | 157th JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT SIMPLICITY GROUND SERVICES, LLC

To the Honorable Judge of this Court:

Defendant SIMPLICITY GROUND SERVICES, LLC (hereinafter "Answering Defendant") files this Answer in response to Plaintiffs' Original Petition and respectfully submits as follows:

## GENERAL DENIAL

1. Pursuant to Texas R. Civ. P. 92, Answering Defendant generally denies all material allegations of Plaintiffs' Original Petition and demands strict proof of the same at trial.

## SPECIAL EXCEPTION

2. Answering Defendant specially excepts to Plaintiffs' Original Petition in that it fails to specify the maximum amount of damages claimed. Pursuant to Texas R. Civ. P. 47,

Answering Defendant requests that the Court sustain their exception and require plaintiffs to amend their pleading to specify the maximum amount of damages claimed.

## **AFFIRMATIVE DEFENSES**

3.   Answering Defendant alleges by way of affirmative defense that the occurrence about which plaintiffs complain was an unavoidable accident; a nonhuman event not proximately caused by the negligence of any party to it.

4.   Answering Defendant further alleges by way of affirmative defense that the occurrence about which plaintiffs complain was caused solely by an act of God, and was not caused by the negligence of any person, in that the occurrence at issue was caused directly and exclusively by the violence of nature, without human intervention or cause, and could not have been prevented by reasonable foresight or care.

5.   Answering Defendant further alleges by way of affirmative defense that plaintiffs and plaintiffs' Decedent assumed the risk of the harms complained of herein.

6.   Answering Defendant further alleges by way of affirmative defense that plaintiffs and plaintiffs' Decedent were contributorily negligent in causing the harms complained of herein.

THEREFORE, Defendant SIMPLICITY GROUND SERVICES, LLC respectfully requests that the Plaintiffs take nothing in their suit against Answering Defendant, that Plaintiff recover costs of suit, and that Answering Defendant be granted any other relief to which they are justly entitled.

Respectfully submitted,

STEPP & SULLIVAN, P.C.

_____ */s/ Jad J. Stepp*_____
Jad J. Stepp

State Bar No. 19169100
5300 Memorial Drive, Suite 620
Houston, Texas 77007
Telephone: (713) 336-7200
Facsimile: (713) 336-7250
E-mail: jstepp@ss-pc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for Defendant SIMPLICITY GROUND
SERVICES, LLC certifies that on this 15th day of January 2021, a true and correct copy of the
foregoing Answer was served on the below-listed parties via United States certified mail, return
receipt requested and on counsel of record as noted below:

*Via ECF*
Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 South Voss Road, Suite 450
Houston, Texas 77057

*and-*

*Via ECF*
Robert E. Ammons
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
*Attorneys for Plaintiffs*

*Via ECF*
Marc Rose
ROSE LAW GROUP PLLC
777 Main Street, Suite 600
Ft. Worth, Texas 77024
*Attorney for ABM Aviation, Inc.,*
*Jessica Mora and Prystal Milton*

*Via CM/RRR*
Antonio DeLeon
4106 East 1st Place
Lubbock, Texas 79403

_____*/s/ Jad J. Stepp*_____
Jad J. Stepp

# TAB 11

2/1/2021 12:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50224898
By: Brittany Hall
Filed: 2/1/2021 12:44 PM

CAUSE NO. 2020-69428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and | § | IN THE DISTRICT COURT OF |
| As Independent Executrix of the Estate of | § | |
| ARTHUR MARK MILLS, and on Behalf | § | |
| of the Beneficiaries to the Estate to include | § | |
| JEREMY M. MILLS, LEVI C. MILLS | § | |
| and APRIL C. WEBB, Each Individually | § | |
| and as WRONGFUL DEATH | § | |
| BENEFICIARIES OF ARTHUR | § | |
| MARK MILLS, Deceased | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC., | § | |
| EXPRESSJET AIRLINES, LLC | § | |
| ABM AVIATION INC., SIMPLICITY | § | |
| GROUND SERVICES, LLC d/b/a | § | |
| SIMPLICITY USA, ANTONIO DELEON, | § | |
| JESSICA MORA, and PRYSTAL MILTON | § | |
| *Defendants* | § | 157th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Kimberly F. Mills, Individually As Heir at Law and As

Independent Administrator of the Estate of Arthur Mills, Deceased, Jeremy M. Mills, Levi C. Mills

and April C. Webb, each Individually as Heirs at Law ("Plaintiffs") by and through their

undersigned counsel, complaining of Defendants United Airlines, Inc., ExpressJet Airlines, LLC,

ABM Aviation, Inc., Simplicity Ground Services, LLC d/b/a Simplicity, Antonio DeLeon, Jessica

Mora, and Prystal Milton ("Defendants"). For cause of action, Plaintiffs would respectfully show

the Court as follows:

## INTRODUCTION

1.     This is a wrongful death matter. Defendants failed to follow safety rules and industry standards while transporting a passenger with disabilities and special needs. The acts and omissions of Defendants injured Arthur Mills that caused his death.

## DISCOVERY LEVEL

2.     Under Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs will proceed with discovery under a Level 3 Discovery Control Plan.

## PARTIES

3.     Plaintiffs are individuals residing in Texas.

4.     Defendant United Airlines, Inc. is a foreign corporation doing business in the State of Texas that has appeared and answered herewith.

5.     Defendant ExpressJet Airlines, LLC is a foreign corporation doing business in the State of Texas and can be served with citation through its registered agent, CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104-3821.

6.     Defendant ABM Aviation, Inc. is a Texas Company that has appeared and answered herewith.

7.     Defendant Simplicity Ground Services, LLC d/b/a Simplicity is a Texas Company that has appeared and answered herewith.

8.     Defendant Antonio DeLeon is an individual residing in 4106 East 1st Place, Lubbock, Texas. Defendant Antonio DeLeon was properly served with citation and Plaintiff's Original Petition, Requests for Disclosure, and Request for Trial on November 17, 2020.

9.     Defendant Jessica Mora is a Texas resident, who has appeared and answered herewith.

10.     Defendant Prystal Milton is a Texas resident, who has appeared and answered herewith.

## JURISDICTION AND VENUE

11.     Venue is proper in Harris County, Texas because Arthur Mills started his journey in Harris County, Texas, and was initially dropped in Harris County, Texas. Additionally, Jessica Mora and Prystal Milton were responsible and directly involved with the incident involving Arthur Mills and are residents of Harris County, Texas.

12.     Jurisdiction is proper in this Court because the Plaintiffs' damages are within its jurisdictional limits.  Plaintiffs plead and will prove monetary relief over $1,000,000.

## FACTUAL BACKGROUND

13.     Every day, there are more than 44,000 flights and 2.7 million airline passengers across more than 29 million square miles of airspace.[1]  These passengers are required to abide by strict guidelines and restrictions throughout the entire flight experience.  Airline passengers follow these policies and procedures implemented by airlines because they trust and believe doing so will result in a safer and more enjoyable flight experience.

14.     Inclusive to a large number of everyday airline passengers are passengers with disabilities who also travel.  Airlines must accommodate the needs of air travelers with disabilities.[2]  Airlines are required to provide passengers with disabilities with many types of assistance, including wheelchair or other guided assistance to board, deplane, or connect to another flight, seating accommodation assistance that meets passengers' disability-related needs, and assistance with the loading and stowing of assistive devices.[3]

15.     Some of the rules and restrictions limit the number of people that can help get people with

---

[1] www.faa.gov/air_traffic/by_the_numbers/.
[2] www.transportation.gov/individuals/aviation-consumer-protection/traveling-
disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20
disability.
[3] www.transportation.gov/individuals/aviation-consumer-protection/traveling
disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20
disability.

disabilities on and off airplanes.  Quite simply, airlines will not allow extra people to board planes to help people with disabilities get on and off.  To compensate for the reduction of other passengers, airlines provide individuals who are expected to be trained professionals to assist in safely moving such passengers with disabilities.

16.     Unfortunately, airlines and the companies they hire to assist people with severe disabilities are never qualified, trained, or supervised to safely do their jobs.  They are so poorly trained and supervised that people are injured regularly.

17.     This is the case of one man losing his life to that incompetence.  Plaintiffs bring this lawsuit to recover for the death of Plaintiffs' husband and father, Arthur Mills, Deceased, resulting directly and proximately from the negligence and gross negligence of Defendants.

18.     Arthur Mills, Deceased, was in a vehicular crash on December 8, 2018, in which he suffered a catastrophic spinal cord injury that rendered him a quadriplegic.  Arthur Mills, Deceased, was initially treated for his injuries at Covenant Medical Center in Lubbock, Texas, and was transported to TIRR Memorial Hermann in Houston, Texas two (2) weeks later on December 21, 2018.

19.     After six (6) weeks of intense inpatient rehabilitation, Arthur Mills, Deceased finally began gaining strength and was medically cleared to go home to his family.  While he knew he had a long road ahead of him, he was happy to be able to leave the hospital and continue his rehabilitation in an outpatient setting.

20.     Unfortunately, Arthur Mills, Deceased, was further injured on February 7, 2019, while Defendants attempted to transport him back to his home in Levelland, Texas.

21.     Due to the negligent hiring, training, and supervision of Defendant ABM Aviation, Inc.,[4]

---

[4] Defendant ABM Aviation, Inc. provides ground transportation services in Lubbock under a subcontract with Defendant Simplicity Ground Services, LLC d/b/a Simplicity —a company part of Menzies Aviation specializing in

Arthur Mills, Deceased, was dropped by Defendants Jessica Mora and Prystal Milton, during the boarding process while being placed in his seat on the outgoing flight of Defenants United Airlines, Inc. and/or ExpressJet Airlines, LLC from Houston to Lubbock, Texas.

22.     While onboard the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC, Arthur Mills, Deceased, began experiencing pain in the back of his neck and lost feeling in his hands.  Arthur Mills, Deceased, informed the flight staff of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

23.     Arthur Mills, Deceased, was dropped on the floor by the transportation staff of Defendant ABM Aviation, Inc. a second time, upon arriving at the Lubbock airport.  When Defendant Antonio DeLeon attempted to help Arthur Mills, Deceased, he dropped him.  The second drop fractured the lumbar spine of Arthur Mills, Deceased, which he did not have before boarding the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

24.     The Lubbock Fire Department was eventually called to assist with lifting Arthur Mills, Deceased, from the ground to the ambulance, to prevent any further injury.  Arthur Mills, Deceased, endured yet another hospital stay to treat his broken back caused by the transportation staff of Defendant ABM Aviation, Inc.  Regrettably, Arthur Mills, Deceased, never recovered from his injuries and continuously deteriorated the last four (4) months of his life.

25.     After being home for a couple of weeks, he was taken back to Covenant Medical Center in Lubbock, Texas where he was first treated.  Arthur Mills, Deceased, was admitted at Covenant

---

providing passenger and ramp handling services at airports.

Medical Center for approximately three (3) weeks and then transferred to another facility for two (2) months.

26.     On June 6, 2019, Arthur Mills, Deceased, died as a result of complications of blunt force trauma including quadriplegia and tracheostomy dependent bronchopneumonia, per his autopsy report.  Arthur Mills, Deceased, was home for only five (5) days before he died.

27.     During the last three (3) weeks of his life, Arthur Mills, Deceased, severely suffered, as his lungs were slowly collapsing.   Amongst other invasive procedures, he underwent repeated bronchoscopies to remove the mucus from his lungs to no avail.

28.     The injuries of Arthur Mills', Deceased, started with the vehicular wreck and were exacerbated by the transportation-related trauma caused by the Defendants named in this lawsuit, without which Arthur Mills, Deceased,  would still be alive today.

29.     Arthur Mills, Deceased, did not leave Houston with any underlying medical conditions that would cause his body to become weak and die.  Undoubtedly, the subsequent fall of Arthur Mills, Deceased, was a substantial factor in his death.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE OF DEFENDANTS JESSICA MORA AND PRYSTAL MILTON)**

30.     All preceding paragraphs are incorporated herein by reference.

31.     Defendants Jessica Mora and Prystal Milton owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care.  Defendants Jessica Mora and Prystal Milton breached such duties by committing the following acts and/or omissions:

      a.     Dropping Arthur Mark Mills, Deceased, in Houston on the outgoing flight to Lubbock, Texas; and

      b.     Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

32.     At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendants Jessica Mora and Prystal Milton.  Further, Defendants Jessica Mora and Prystal Milton were acting within the course and scope of such employment at the time of the incident in question.

33.     Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*.  That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendants Jessica Mora and Prystal Milton, as described above. Further, each of the negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc. and its employees, Defendants Jessica Mora and Prystal Milton, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANT ANTONIO DELEON)

34.     All preceding paragraphs are incorporated herein by reference.

35.     Defendant Antonio DeLeon owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care.  Defendant Antonio DeLeon breached such duties by committing the following acts and/or omissions:

   a. Dropping and falling onto Arthur Mark Mills, Deceased, in Lubbock on the arriving flight from Houston, Texas, fracturing the lumbar spine of Arthur Mills, Deceased and

   b. Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

36.     At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendant Antonio DeLeon.  Further, Defendant Antonio DeLeon was acting within the course and scope of such employment at the time of the incident in question.

- 7 -

37.     Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendant Antonio DeLeon, as described above. Further, each of the below negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc.'s employees, Defendant Antonio DeLeon, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

### THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION
### DEFENDANTS ABM AVIATION, INC.)

38.     All preceding paragraphs are incorporated herein by reference.

39.     Through the acts of their agents, employees, and/or representatives, Defendant ABM Aviation, Inc. is independently liable to Plaintiffs because Defendant ABM Aviation, Inc. breached its duties owed to Arthur Mark Mills, Deceased, by failing to act as reasonably prudent transporter would have done under the same or similar circumstances. Plaintiffs would show that Defendant ABM Aviation, Inc. was negligent in hiring, supervising, training, and retaining Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon as transporters of passengers with disabilities and special needs.

40.     Defendant ABM Aviation, Inc. knew, or in the exercise of ordinary care, should have known that Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon were unfit and unqualified employees who were transporting passengers with disabilities and special needs without proper training and proper supervision. Such negligence was a proximate cause of the incident, the death of Arthur Mark Mills, Deceased, and the Plaintiffs' damages.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANTS UNITED AIRLINES, INC. AND EXPRESSJET AIRLINES, LLC)

41.     All preceding paragraphs are incorporated herein by reference.

42.     The flight at issue was being operated under a joint venture and/or partnership agreement between Defendants United Airlines, Inc. and ExpressJet Airlines, LLC.

43.     Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal.  Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner.  Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plane.  Without limitation, Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to make available all appropriate safety measures and devices while boarding and deboarding the plane.  The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules.

44.     Nothing Arthur Mark Mills, Deceased,  did or failed to do caused or in any way contributed to causing his death or Plaintiffs' resulting damages.

45.     Due to the wrongful acts, carelessness, unskillfulness, and negligence of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, they should be held liable for the fatal injuries to Arthur Mark Mills, Deceased,  and the damages to Plaintiffs.

## FIFTH CAUSE OF ACTION
### (GROSS NEGLIGENCE – ALL DEFENDANTS)

46.     All preceding paragraphs are incorporated herein by reference.

47.     The acts and/or omissions of Defendants are so egregious that they would rise to the level

of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Defendants were carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that would, in reasonable probability, result in human death, great bodily injury, or property damage.

48.     Defendants engaged in acts and/or omissions that, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

49.     Defendants, their management, and/or employees had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. These acts and/or omissions, singularly or in combination, constitute malice that proximately caused the death of Arthur Mark Mills, Deceased, and the Plaintiffs' resulting damages.

50.     Because Defendants' acts constitute gross negligence, their conduct justifies a recovery of exemplary or punitive damages as a deterrent to the further willful and malicious conduct, among other things, on the part of Defendants. Plaintiffs herein sue for exemplary damages against Defendants.

### WRONGFUL DEATH AND SURVIVAL STATUTE DAMAGES

51.     All preceding paragraphs are incorporated herein by reference.

52.     Plaintiffs are statutory beneficiaries of Arthur Mills, Deceased, and are entitled to bring an account on account of his wrongful death.

53.     Plaintiffs bear the following relationships to Arthur Mills, Deceased:

    a.     Kim Mills            –     Wife;

    b.     Jeremy Mills         –     Son;

    c.      Levi Mills       –      Son; and

    d.      April Mills     –      Daughter.

54.    Under Sections 71.001-71.012 of the Texas Civil Practice and Remedies Code ("Texas Wrongful Death Statute"), Plaintiffs, as wrongful death beneficiaries and as heirs of Arthur Mills, Deceased, bring this action to recover just compensation for the damages that they have suffered as the result of the death of their father and husband.

55.    As a proximate result of the above acts and/or omissions on the part of Defendants, Plaintiffs have suffered pecuniary damages due to the death of Arthur Mills, Deceased, including loss of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would in reasonable probability have received from Arthur Mills, Deceased, during his lifetime, had he lived.

56.    Plaintiffs have suffered additional losses by the destruction of the spousal and parent/child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.

57.    Plaintiffs have suffered severe mental depression and anguish, grief and sorrow, as a result of the death of Arthur Mills, Deceased, and are likely to continue to suffer for a long time into the future.

58.    For these losses, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek damage over minimal jurisdictional limits of this Court.

59.    Further, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek both pre-judgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief both in law and equity, to which they may be entitled.

60.    Under Section 71.021 of the Texas Civil Practice and Remedies Code ("Texas Survival

Statute"), Plaintiffs seek recovery from Defendants for the mental anguish suffered by Arthur Mills, Deceased, from the moment he became aware of the incident in question, until the time of his death.

61.     Plaintiffs were the spouse and children of Arthur Mills, Deceased. As a direct and proximate result of the negligence of Defendants, as described above, there has been a sudden and unexpected severance of the spousal and parent/child relationship between Plaintiffs and the Decedent.

62.     Plaintiffs respectfully request the Court and jury to determine the amount of loss incurred, not only from a financial standpoint but also in terms of mental anguish and freedom from grief and worry. From the date of the incident in question to the time of the trial of this cause, the elements of damages to be considered separately and Individually to determine the sum of money that will fair and reasonably compensate Plaintiffs are as follows:

a.     Plaintiffs' mental pain and anguish, meaning the emotional pain, torment, and suffering they have experienced because of the untimely and unexpected death of Arthur Mills, Deceased;

b.     Plaintiffs' loss of companionship and society from the date of the incident to the time of trial, including but not limited to, the loss of the positive benefits flowing from the love, comfort, companionship, and society that the deceased's spouse and children, in reasonable probability, would have received from Arthur Mills, Deceased, had he lived;

c.     Plaintiffs' pecuniary losses, including, but not limited to, the loss of the advice, counsel, services, care, maintenance, and support of Arthur Mills, Deceased, that the deceased's spouse and children, in reasonable probability, would have received from the deceased had he lived;

d.     All elements of damages available under the survival statute;

e.     All elements of damages available under the wrongful death statute;

f.     Loss of inheritance;

g.     Punitive or exemplary damages; and

h.      Reasonable costs, expenses, and interests.

## RESERVATION OF RIGHTS

63.     These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding potential parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## PRODUCTION OF DOCUMENT SELF-AUTHENTICATING

64.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the "actual" written notice that all documents produced in this litigation shall be used by Plaintiffs at pretrial proceedings and trial.[5] Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial. Any objections thereto by Defendants shall be in writing or placed on the record, giving Plaintiffs a reasonable opportunity to establish the challenged document's authenticity.

## JURY DEMAND

65.     Plaintiffs hereby demand a jury trial and previously paid the appropriate fee.

## PRAYER

For these reasons, Plaintiffs pray that upon trial hereof, said Plaintiffs have and will recover damages as would reasonably and justly compensate them based on the evidence, rules of law, and procedure. Also, Plaintiffs request the award of (1) actual, compensatory and punitive damages;

---

[5] TEX. R. CIV. P. 193.7.

(2) pre-judgment and post-judgment interest as provided by law; (3) costs of suit; and (4) such other and further relief to which Plaintiffs may be justly entitled at law and in equity.

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**

Robert E. Ammons
State Bar No. 01159820
Justin D. Burrow
State Bar No. 24035598
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:      (713) 523-4159
Email:          rob@ammonslaw.com
Email:          justin.burrow@ammonslaw.com
Email:          melissa@ammonslaw.com

And

Tobias A. Cole
State Bar No. 24007021
toby@colelawtx.com
Mary E. Allen
State Bar No. 24116021
mary@colelawtx.com
THE COLE LAW FIRM
1616 S. Voss Road., Suite 450
Houston, Texas   77057
Telephone:     (832) 539-4900
Facsimile:      (832) 539-4899
Email:          toby@colelawtx.com
Email:          mary@colelawtx.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this  1st  day of February 2021.

Jad J. Stepp                                                              *Via E-Service & email: jstepp@ss-pc.com*
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
***Counsel for Defendant United Airlines, Inc.***

Marc Michael Rose                                                  *Via E-Service & email: marc@roselg.com*
ROSE LAW GROUP, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 77024
***Counsel for Defendants ABM Aviation, Inc.,***
***Jessica Mora and Prystal Milton***

Robert E. Ammons / Justin D. Burrow

# TAB 12

2/8/2021 10:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50437122
By: Johnathan Johnson
Filed: 2/8/2021 10:14 AM

## CAUSE NUMBER: 2020-69428

**KIMBERLY F. MILLS, INDIVIDUALLY
AND AS INDEPENDENT EXECUTRIX OF
THE ESTATE OF ARTHUR MARK MILLS,
AND ON BEHALF OF THE BENEFICIARIES
TO THE ESTATE TO INCLUDE JEREMY M.
MILLS, LEVI C. MILLS AND APRIL C.
WEBB, EACH INDIVIDUALLY AND AS
WRONGFUL DEATH BENEFICIARIES OF
ARTHUR MARK MILLS, DECEASED
PLAINTIFF**

    **IN THE 157TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**VS.**

**UNITED AIRLINES, INC., ET AL,
DEFENDANT**

### RETURN OF SERVICE

My name is **TODD KURLANDER**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday February 03, 2021 AT 04:40 PM - CITATION, PLAINTIFF'S FIRST AMENDED PETITION**, came to hand for service upon **ANTONIO DELEON**.

On **Saturday February 06, 2021** at **08:57 AM -** The above named documents were hand delivered to: **ANTONIO DELEON @ 317 E 18TH STREET**, WOLFORTH, TX 79382, **in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                    DECLARATION

"My name is **TODD KURLANDER,** my date of birth is 04/19/1970 my business address is **1320 QUITMAN STREET, HOUSTON, TX 77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Lubbock County, State of Texas on Monday February 08, 2021**

 **/s/TODD KURLANDER**             PSC#756 EXP. 08/15/22
Declarant                       Appointed in accordance with State Statutes

2021.02.532818

# TAB 13

2/8/2021 3:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50461516
By: Johnathan Johnson
Filed: 2/8/2021 3:43 PM

NO. 2020-69428

KIMBERLY F. MILLS, INDIVIDUALLY AND AS §
INDEPENDENT EXECUTRIX OF THE ESTATE OF §
ARTHUR MARK MILLS, AND ON BEHALF OF THE §
BENEFICIARIES TO THE ESTATE TO INCLUDE §
JEREMY M. MILLS, LEVI C. MILLS, AND APRIL C. §
WEBB, EACH INDIVIDUALLY AND AS WRONGFUL §
DEATH BENEFICIARIES OF ARTHUR MARK MILLS, §
DECEASED

IN THE 157TH JUDICIAL DISTRICT COURT OF HARRIS
COUNTY, TEXAS

VS.

UNITED AIRLINES, INC., ET AL

AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, **Cheryl M. Henderson** (Process Server), personally appeared on this ___5th___ day of __Februrary__, 2020 21 and stated under oath as follows:

1. My name is **Cheryl M. Henderson**(server). i am authorized to deliver Texas Legal documents under rule 108 T.R.C.P.. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is  based on personal knowledge. The facts stated herein are true and correct. My business address is: _6028 Nora Place, Montgomery, Alabama 36117_ **(SERVERS ADDRESS)**

2. ON _02/03/2021_ **(DATE)** AT _3_ : _50_ (__)M **(TIME)** , CITATION (NON-RESIDENT CORPORATE); AND PLAINTIFFS' FIRST AMENDED PETITION came to hand for delivery to EXPRESSJET AIRLINES LLC (FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM.

3. ON _02/04/21021_ **(DATE)** AT _9_ _33_ ( A ) M **(TIME)** The above named documents were hand delivered to: EXPRESSJET AIRLINES LLC (FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM by hand delivering to:

_Amanda Payne, Operations Supervisor_
**(NAME AND TITLE)** a person authorized to accept service @

_2 North Jackson Street, Suite 605, Montgomery, AL 36104_
**(ADDRESS), in Person, in accordance to Rule 108 TRCP.**

FURTHER AFFIANT SAYETH NOT.

SERVER'S SIGNATURE

Cheryl M Henderson
SERVER'S PRINTED NAME

SWORN TO AND SUBSCRIBED before me by Cheryl M. Henderson(server) appeared on this _5th_ day of _February_ 2020 2021 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF Alabama
2021.02.532743

CRYSTAL HOLLIS
My Commission Expires
April 10, 2024

# TAB 14

I never worked in Houston.
I can not defend myself in
Houston, Texas. I don't have
the financial resources needed to
travel to Houston or hire a lawyer.

- Maybe: Marc Michael Rose is defending me
      Rose Law Group.
      777 main st Suite 600
      Fort worth, Tx 77024


Antonio DeLeon   *Antonio DeLeon*

          Receipt Number 925670
          Tracking Number 73837711
          Cause number 202069428


**FILED**
Marilyn Burgess
District Clerk

FEB 2 6 2021

Time:_____
          Harris County, Texas
By_____
          Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

# TAB 15

2/28/2021 8:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51000011
By: LISA COOPER
Filed: 3/1/2021 12:00 AM

## CAUSE NO. 202069428

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | **IN THE DISTRICT COURT OF** |
| **As Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLA, and on behalf** | § | |
| **of the Beneficiaries to the Estate to** | § | |
| **include JEREMY M. MILLS, LEVI C.** | § | |
| **MILLS AND APRIL C. WEBB, Each** | § | |
| **Individually and as WRONGFUL** | § | |
| **DEATH BENEFICIARIES OF ARTHUR** | § | |
| **MARK MILLS, DECEASED** | § | |
| *Plaintiffs,* | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § | |
| | § | |
| **UNITED AIRLINES, INC., ABM** | § | |
| **AVIATION, INC., SIMPLICITY** | § | |
| **GROUND SERVICES, LLC D/B/A** | § | |
| **SIMPLICITY USA, ANTONIO** | § | |
| **DELEON, JESSICA MORA, AND** | § | |
| **PRYSTAL MILTON** | § | |
| *Defendants.* | § | **157th DISTRICT COURT** |
| | § | |

## DEFENDANT ANTONIO DELEON'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Antonio DeLeon in response to Plaintiffs' Original Petition, reserves the right to file other and further exceptions, denials and affirmative defenses, files this Answer.  In support, thereof, Defendant will respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant denies each and every material allegation alleged in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence.

## II.
## <u>AFFIRMATIVE DEFENSES</u>

1.      Defendant avers that the Plaintiffs' Original Petition fails to state a claim or cause of action against Defendant upon which relief can be granted.

2.      Defendant alleges that if Decedent was injured as alleged, such injury was the proximate result, in whole or in part, of Decedent's own contributing negligence and any damages to which Plaintiffs are entitled should be reduced in an amount proportionate to the extent that Decedent's negligence contributed to same.

3.      Defendant alleges that if Decedent was injured as alleged, then said injuries were proximately caused by, or contributed to risks assumed by Decedent or open and obvious conditions.

4.      Defendant alleges that the physical condition of which Plaintiffs complain is due, in whole or in part, to prior occurring injuries or illnesses or subsequent occurring injuries or illnesses to Decedent, or to natural causes and diseases, all unrelated to the alleged incident made the basis of Plaintiffs suit herein.

5.      Defendant alleges that the Plaintiffs' damages, if any, were caused in whole or part by the negligence of third parties or persons for whom this Defendant is not legally responsible.

6.      Defendant denies anyone for whom it may be responsible was guilty of any negligence, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

7.      Defendant alleges that the Decedent's accident was the result of a superseding and/or intervening cause or causes thereby precluding Plaintiffs from recovering any damages against Defendant.

8.      Pleading further and in the alternative, in the event liability is found on the part of the Defendant, which is at all times is denied, Defendant avers that he would be entitled to a credit for the amounts of all compensation, medical expenses, benefits, supplemental payments and advances, paid to and/or on behalf of the Plaintiffs.

9.      Defendant contends, without waiving the foregoing, that Plaintiffs recovery, if any, of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Decedent, pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105.

10.      Defendant contends, the contract of carriage constitutes the entire agreement between Defendants and Plaintiffs and supersedes all other agreements or representations, whether oral or written. The contract of carriage applies and limits Plaintiffs damages.

11.      Pleading further and in the alternative, without waiving the foregoing, Defendant invokes the doctrine of proportionate responsibility.  Accordingly, while Defendant denies any liability herein, Defendant requests that the trier of fact compare the relative percentages of fault of the Decedent, Defendants, settling person, and/or any other responsible third party or parties, if any, pursuant to the doctrine of proportionate responsibility as set forth in TEX. CIV. PRAC. & REM. CODE §33.001, *ET SEQ.*

12.      Defendant alleges that evidence, if any, offered by Plaintiffs to prove loss of earnings or lost earning capacity must be presented in the form of a net loss after reduction for income tax payments. TEX. CIV. PRAC. & REM. CODE § 18.091.

13.      Defendant invokes the provisions of the Texas Finance Code Chapter 304 regarding limitations and restrictions on recovery of prejudgment and post-judgment interest.

14.      Defendant affirmatively pleads the limitation of punitive damage recoveries provided by § 41.008 of the TEX. CIV. REM. & PRAC. CODE as it applies to Plaintiffs claims herein.

15.     Plaintiffs damages and injuries, if any, were the direct result of Decedent's own failure to mitigate damages.

## III.
## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194, Plaintiffs are requested to disclose, within thirty (30) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(A)-(L).

## IV.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant, Antonio DeLeon respectfully request that that Plaintiffs take nothing by its Original Petition, that Defendant recover costs, and is granted such other and further relief to which it may show to be justly entitled.

Respectfully submitted,

ROSE LAW GROUP PLLC

*/s/ Marc Michael Rose*

Marc Michael Rose
State Bar No. 24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Telephone: (817) 887-8118
Facsimile: (817) 887-8001
E-mail: marc@roselg.com
**COUNSEL FOR DEFENDANT
ANTONIO DELEON**

## CERTIFICATE OF SERVICE

This is to certify that on February 28, 2021, a true and correct copy of the foregoing document was served by electronic service on:

Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 S. Voss Road, Suite 450
Houston, Texas 77057
Telephone: (832) 539-4900
Facsimile: (832) 539-4899
E-mail: toby@colelawtx.com
E-mail: mary@colelawtx.com
**COUNSEL FOR PLAINTIFFS**

Robert E. Ammons
THE AMMON LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
E-mail: rob@ammonslaw.com
E-mail: terri@ammonslaw.com
**COUNSEL FOR PLAINTIFFS**

Jad J. Stepp
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
Telephone: (713) 336-7200
Facsimile: (713) 336-7250
E-mail: jstepp@ss-pc.com
**COUNSEL FOR DEFENDANTS**
**UNITED AIRLINES, INC. AND**
**SIMPLICITY GROUND SERVICES, LLC D/B/A**
**SIMPLICITY USA**

*/s/ Marc Michael Rose*
Marc Michael Rose

# TAB 16

3/8/2021 3:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51261656
By: Kevin Childs
Filed: 3/8/2021 3:48 PM

### CAUSE NO. 2020-69428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, and on Behalf of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, Each Individually and as WRONGFUL DEATH BENEFICIARIES OF ARTHUR MARK MILLS, Deceased | § § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| v. | § § | 157TH JUDICIAL DISTRICT |
| UNITED AIRLINES, INC., EXPRESSJET AIRLINES, LLC, ABM AVIATION, INC., SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA and PRYSTAL MILTON, | § § § § § § § § | |
| *Defendants*. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT EXPRESSJET AIRLINES, LLC'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant ExpressJet Airlines, Inc. ("ExpressJet"), by its undersigned attorneys, Patrick J. Comerford, RIGBY SLACK LAWRENCE BERGER AKINC PEPPER + COMERFORD, PLLC, and files this Original Answer in response to the allegations contained in the First Amended Original Petition of Kimberly Mills, Individually and as Independent Executrix of the Estate of Arthur Mark Mills, and on Behalf of the Beneficiaries to the Estate to include Jeremy M. Mills, Levi C. Mills and April C. Webb, each Individually and as Wrongful Death Beneficiaries of Arthur Mark Mills, Deceased ("Plaintiff"), and would respectfully show the Court as follows:

## I. <u>GENERAL DENIAL</u>

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant ExpressJet generally denies each and every, all and singular, the material allegations contained in Plaintiffs' First Amended Petition, and any subsequent amended or supplemental petitions, and demands that Plaintiff be required to provide strict proof thereof by a preponderance of the credible evidence, as required by law.

## II. <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

2.      Plaintiff possessed pre-existing conditions and all of their claimed damages did not proximately result from the events complained of in their Petition.

### SECOND AFFIRMATIVE DEFENSE

3.      Plaintiff's claim for the recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of the Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

### THIRD AFFIRMATIVE DEFENSE

4.      Plaintiff's claim for the recovery of lost wages or lost earnings is limited to, and should be presented in the form of, a net loss after reduction for income tax payments or unpaid tax liability. TEX. CIV. PRAC. & REM. CODE § 18.091.

### FOURTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred inasmuch as Plaintiff's fault in the causation of their claimed injuries was greater than the fault, if any, of ExpressJet.

### FIFTH AFFIRMATIVE DEFENSE

6.      Plaintiff's recovery in this action, if any, must be diminished by the amount of

Plaintiff's comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

7.      Any injuries sustained by Plaintiff were as a result of the negligence, and/or intentional conduct of entities or persons over whom ExpressJet had no control.

## SEVENTH AFFIRMATIVE DEFENSE

8.      Any amount that Plaintiff claims, as compensatory damages, are diminished proportionately by the fault of Plaintiff, and the fault of all others who caused or contributed to the harm alleged.

## NINTH AFFIRMATIVE DEFENSE

9.      If Plaintiff sustained injuries as alleged, such injuries were the result of intervening and/or superseding causes, and not ExpressJet's alleged acts or omissions.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff failed to name a necessary party whose action and/or inactions caused or contributed to Plaintiff's alleged injuries and must be added as a party.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's claims against Defendant ExpressJet are barred inasmuch as Plaintiff assumed the risk of his own actions or inactions in causing his own injuries.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiff's claims against ExpressJet are barred by Plaintiff's failure to mitigate their claimed damages from this incident.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.      Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute, including but not limited to the Airline Deregulation Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods outside the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff has failed to state a cause of action against ExpressJet pursuant to the Montreal Convention.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Pursuant to the Sudden Emergency Doctrine, ExpressJet cannot be held liable for the naturally occurring conditions alleged to be the cause of the incident.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant ExpressJet invokes the provisions of the Texas Finance Code Chapter 304, regarding limitations and restrictions of recovery of prejudgment and post-judgment interest.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant ExpressJet affirmatively pleads the limitation of punitive damage recoveries provided by § 41.008 of the TEX. CIV. REM & PRAC. CODE as it applies to Plaintiffs' claims herein.

19.    ExpressJet reserves the right to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserve the right to amend their Answer and other pleadings to assert such additional defenses and third-party claims.

## II.  SPECIAL EXCEPTION

20.    ExpressJet specifically excepts to Plaintiff's First Amended Petition in that it fails to specify the maximum amount of damages claimed. Pursuant to TEX. R. CIV. P. 47, ExpressJet requests that the Court sustain their exception and require Plaintiffs to amend their pleading to

specify the maximum amount of damages claimed.

### III.  DEMAND FOR JURY TRIAL

21.     ExpressJet demands a trial by jury and tenders the appropriate fee with this answer.

### IV.  REQUEST FOR DISCLOSURE

22.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, ExpressJet requests Plaintiff to disclose, within 30 days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(a)-(l).

### V. RULE 193.7 NOTICE

23.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, ExpressJet provides notice of its intent to use all documents produced by Plaintiffs at any hearings, pretrial proceedings and the trial of this case.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant ExpressJet Airlines, Inc. prays that upon final hearing Plaintiffs Kimberly Mills, Individually and as Independent Executrix of the Estate of Arthur Mark Mills, and on Behalf of the Beneficiaries to the Estate to include Jeremy M. Mills, Levi C. Mills and April C. Webb, each Individually and as Wrongful Death Beneficiaries of Arthur Mark Mills, Deceased take nothing against Defendant ExpressJet in the above-entitled and numbered cause, that Defendant ExpressJet recover its costs and reasonable and necessary attorney's fees from Plaintiff, and Defendant be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

**RIGBY  SLACK  LAWRENCE  BERGER**
**AKINC PEPPER + COMERFORD, PLLC**

By: */s/ Patrick J. Comerford*        
      Patrick J. Comerford
      State Bar No. 24096724

3500 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone: (512) 782-2060
pcomerford@rigbyslack.com

**ATTORNEYS FOR DEFENDANT**
**EXPRESSJET AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I electronically filed the foregoing with the Clerk of the Court and I further certify that I have served the foregoing to the following.

Robert E. Ammons
Justin D. Burrow
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
rob@ammonslaw.com
justin.burrow@ammonslaw.com
melissa@ammonslaw.com

Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 S. Voss Road, Suite 450
Houston, Texas 77057
toby@colelawtx.com
mary@colelawtx.com

*Counsel for Plaintiffs Kimberly Mills, Individually and as Independent Executrix of the Estate of Arthur Mark Mills, et al.*

Jad J. Stepp
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
jstepp@ss-pc.com
*Counsel for Defendants United Airlines, Inc. and Simplicity Ground Services, LLC, d/b/a Simplicity USA*

Marc Michael Rose
ROSE LAW GROUP PLLC
777 Main Street, Suite 600
Ft. Worth, Texas 77024
marc@roselg.com
*Counsel for Defendants ABM Aviation, Inc., Jessica Mora and Prystal Milton*

*/s/ Patrick J. Comerford*
Patrick J. Comerford