**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KIMBERLY F. MILLS, Individually and** | § | |
| **as Independent Executrix of the Estate of** | § | |
| **ARTHUR MARK MILLS, and on behalf** | § | |
| **Of the Beneficiaries to the Estate to include** | § | |
| **JEREMY M. MILLS, LEVI C. MILLS** | § | |
| **and APRIL C. WEBB, Each Individually** | § | |
| **and as Wrongful Death Beneficiaries of** | § | |
| **ARTHUR MARK MILLS, DECEASED** | § | |
| | § | |
| *Plaintiffs* | § | **CASE NO. 4:21-cv-1241** |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED AIRLINES, INC.,** | § | |
| **ABM AVIATION, INC.,** | § | |
| **SIMPLICITY GROUND SERVICES,** | § | |
| **LLC D/B/A SIMPLICITY USA,** | § | |
| **ANTONIO DELEON, JESSICA MORA,** | § | |
| **PRYSTAL MILTON, and** | § | |
| **EXPRESSJET AIRLINES, INC.** | § | |
| | § | |
| *Defendants* | § | |

---

**PLAINTIFFS' MOTION TO REMAND**

---

**INTRODUCTION**

1.      Remand is required for two independent reasons. First, Defendants removed the case too late under 28 U.S.C. § 1446(b). And second, this Court lacks subject-matter jurisdiction because the laws Defendants cite do not completely preempt Plaintiffs' claims. Plaintiffs respectfully move the Court to remand this case to the 157th Judicial District Court of Harris County, Texas.

**SUMMARY OF ARGUMENT**

2.      Because Defendants could have ascertained the basis for removal in Plaintiffs' First Amended Petition and the "other paper" relied on by Defendants provided no new information,

the "other paper" exception does not apply. Defendants' removal nearly two months after service of the First Amended Petition is therefore not timely.

3.      Defendants rely only on the complete-preemption doctrine to establish subject-matter jurisdiction. But this reliance confuses ordinary preemption with the jurisdictional doctrine of "complete" preemption.

4.      Ordinary preemption does not provide a basis for removal. Thus, the validity of any preemption defense is irrelevant to Defendants' removal. Instead, this Court's jurisdiction turns on whether Congress provided an exclusively federal cause of action that encompasses Plaintiffs' claims.

5.      Defendants assert that Plaintiffs' claims are preempted by the Airline Deregulation Act, the Federal Aviation Act, and the Air Carrier Access Act. Doc No. 1 (Defendants' Notice of Removal). These laws fail at step one of the complete preemption analysis—they do not create a private cause of action. Thus, Defendants have not met their burden to establish this Court's jurisdiction, and the case should be remanded to the 157th Judicial District Court of Harris County, Texas.

## FACTS

6.      After a car crash left Arthur Mark Mills quadriplegic, Defendants tried to transport him home from Houston to Lubbock. Defendants Mora and Milton, employees of Defendant ABM Aviation, Inc., dropped Mr. Mills while placing him in his seat on his Defendant United Airlines and/or Defendant ExpressJet Airlines flight. Upon arrival at the Lubbock airport, Defendant Deleon, another employee of Defendant ABM Aviation, dropped Mr. Mills for a second time. This drop fractured his lumbar spine. Mr. Mills never recovered from these injuries and died four weeks later.

7.      Plaintiffs filed suit in Harris County against Defendants United Airlines, Inc., ABM Aviation, Inc., Simplicity Ground Services, LLC d/b/a Simplicity USA, Antonio Deleon, Jessica Mora, and Prystal Milton. Complete diversity of citizenship does not exist.

8.      On February 2, 2021, Plaintiffs filed their First Amended Petition, adding Defendant ExpressJet Airlines, LLC. All defendants were served by February 6, 2021. Plaintiffs allege only state law causes of action—negligence, negligent hiring, supervision, training, and retention, and gross negligence.

9.      Defendants removed this action based on federal question jurisdiction on April 14, 2021, 67 days after service of the First Amended Petition on the last defendant.[1]

### ARGUMENT AND AUTHORITIES

10.     Defendants' removal was not timely, and the case should be remanded. But even if this Court finds Defendants' removal to be timely, this Court is without subject matter jurisdiction. Defendants allege federal jurisdiction under 28 U.S.C. § 1331. Because complete preemption does not apply to Plaintiffs' causes of action, this Motion to Remand should be granted.

**I.      Defendants' removal is untimely under 28 U.S.C. § 1446(b).**

11.     28 U.S.C. 1446(b) governs the timeliness of removal:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> …

---

[1] Defendant ExpressJet was joined in the First Amended Petition and served on February 4, 2021. Defendant Deleon was served with the First Amended Petition two days later on February 6, 2021. Deleon, however, had been a defendant in this suit since its October 2020 inception. Even if Deleon's 30 days to remove did not run in November 2020, Defendants still would not have removed until 67 days after the last-served defendant.

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

12.     Defendants allege that the service of the "other paper" that triggered the 30-day removal clock was Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure, served on March 30, 2021. Doc. No. 1 (Defendants' Notice of Removal p. 2).

13.     A defendant cannot use the "other paper" exception when the basis for the removal is apparent on the face of the initial pleading. *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998). When that basis appears in a previous pleading, defendants simply cannot show that it removed within 30 days of the time it could have been "first ascertained" that the case was removable. *See* 28 U.S.C. 1446(b). For example, in *Decatur Hospital Authority v. Aetna Health, Incorporated*, the defendant removed after receiving the plaintiff's interrogatory responses. 854 F.3d 292, 297 (5th Cir. 2017). The Fifth Circuit rejected the defendant's argument that the case only became removable when the plaintiff provided its interrogatory responses. *Id.* There was "no new information in the interrogatory response," and therefore the defendant's 30-day removal window opened when  it received service of the petition. *Id.; accord Meisel v. USA Shade and Fabric Structures Inc.*, 795 F. Supp. 2d 481, 493 (N.D. Tex. 2011) (defendant relying on discovery response did not timely remove when the amended petition provided the information relied on for removal).

14.     As the chart below shows, the language Defendants cite in their Notice of Removal (First Column) do appear in the relied-upon discovery response (Third Column). But they open no "other paper" window because the same information appeared in the First Amended Petition (Second Column).

4

| Defendants' Notice of Removal [4/14/21] | First Amended Petition [2/6/21] | First Amended Responses to All Defendants' Requests for Disclosure [3/30/21] |
|---|---|---|
| "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty [to] Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal." *Doc. No. 1 (Defendants' Notice of Removal p. 2)* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty [to] Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal." *Ex. A, Plaintiffs' First Amended Petition p. 9* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty to Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal." *Ex. B, Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure p. 8* |
| "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner." *Doc. No. 1 (Defendants' Notice of Removal p. 2)* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner." *Ex. A, Plaintiffs' First Amended Petition p. 9* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner. *Ex. B, Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure p. 8* |
| "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plan[]." *Doc. No. 1 (Defendants' Notice of Removal p. 2)* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plane." *Ex. A, Plaintiffs' First Amended Petition p. 9* | "Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plane." *Ex. B, Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure p. 8* |
| "The failures of Defendant's United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules." *Doc. No. 1 (Defendants' Notice of Removal p. 2)* | "The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules." *Ex. A, Plaintiffs' First Amended Petition p. 9* | "The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules." *Ex. B, Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure p. 8* |
| "[Plaintiffs], informed the flight staff of Defendant United Airlines, Inc and/or | "Arthur Mills, Deceased, informed the flight staff of Defendant United Airlines, | "Arthur Mills, Deceased, informed the flight staff of Defendant United Airlines, |

| | | |
|---|---|---|
| Express Jet Airlines, LLC and that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or Express Jet Airlines, LLC." *Doc. No. 1 (Defendants' Notice of Removal p. 3)* | Inc. and/or ExpressJet Airlines, LLC that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC." *Ex. A, Plaintiffs' First Amended Petition p. 5* | Inc. and/or ExpressJet Airlines, LLC that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC." *Ex. B, Plaintiffs' First Amended Responses to All Defendants' Requests for Disclosure p. 6* |

15.     Despite the binding precedent cited above, Defendants' removal notice ignores the second column and the statute's "first ascertained" language. Defendants simply allege that they timely filed their notice of removal relying on the "other paper" exception, then cite the Responses to All Defendants' Requests for Disclosure. Doc. No. 1 (Defendants' Notice of Removal p. 2). For that reason, the Notice of Removal is facially defective and requires remand. Plaintiffs also respectfully submit that Defendants, as the parties invoking the Court's jurisdiction, should not be allowed to first address the relevant law in a reply because such allowance robs Plaintiffs of their adversarial chance.

16.     Defendants removed too late. Thus, this Court should remand this case.

**II.     This Court is without subject matter jurisdiction.**

17.     The untimely removal provides a straightforward basis to remand this case. But even if Plaintiffs have overlooked something that makes Defendants' removal timely, Defendants have not met their burden to establish subject matter jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (because there is no mandatory

sequencing of jurisdictional issues, a federal court may choose among threshold, non-merits grounds to deny hearing the case).

18.     Defendants assert that Plaintiffs' claims are preempted by the Airline Deregulation Act, the Federal Aviation Act, and the Air Carrier Access Act. This alleged preemption is the basis of their removal. [2]

19.     Regardless of the validity of a defendant's preemption defense, ordinary preemption is not grounds for removal. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550 (5th Cir. 2008) ("[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction."). Under the well-pleaded complaint rule, removal is not permitted unless the plaintiff's own statement of the cause of action is based on federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Potential defenses, including a federal statute's preemptive effect, do not provide a basis for removal. *Id.*

20.     Complete preemption is a narrow exception to the well-pleaded complaint rule. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003). In rare instances, complete preemption provides grounds for federal question jurisdiction. *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796 (5th Cir. 2011). Complete preemption only makes a case removable in narrow circumstances: when Congress provides an exclusively federal cause of action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The Supreme Court has only ever found 3 acts to be completely preemptive. *Avco Corp v. Machinists*, 390 U.S. 557 (1968) (LMRA); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1 (1983) (ERISA); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) (NBA). Complete preemption findings at the district and circuit court

---

[2] Defendants do not address complete preemption in their Notice of Removal. Plaintiffs assume that they are referring to complete preemption, as it is black letter law that ordinary preemption does not invoke federal question jurisdiction.

level are similarly atypical. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008).

21.     Although early cases sometimes suggested more amorphous tests to distinguish complete preemption from ordinary preemption, the 2003 *Anderson*  case resolved such confusion. *Beneficial Nat'l Bank v. Anderson*. 539 U.S. 1, 8 (2003). There, Plaintiffs sued a national bank for usury under state law. *Id.* at 4. The Bank removed, alleging that the National Bank Act completely preempted Respondents claim. *Id.* at 4–5. The Court agreed, but only after clarifying that complete preemption turns upon exclusive causes of action to replace state ones. This clarification came when the Court contrasted  sections 85 and 86 of the National Bank Act. *Anderson*, 539 U.S. at 9. Section 85 set forth the substantive limits on the rates of interests that banks may charge, while Section 86 set forth the elements of a usury claim against a national bank, the statute of limitations, and the remedies available. *Id.* The Court explained:

> If, as petitioners asserted in their notice of removal, the interest that the bank charged to respondents did not violate § 85 limits, the statute unquestionably pre-empts any common-law or Alabama statutory rule that would treat those rates as usurious. **The section would therefore provide the petitioners with a complete federal defense. Such a federal defense, however, would not justify removal**…**Only if Congress intended § 86 to provide the exclusive cause of action for usury claims against national banks would the statute be comparable to the provisions that we construed in the** ***Avco*** **and** ***Metropolitan Life*** **cases**.

*Id.* (emphasis added)

22.     Under the exclusive cause of action test, the complete preemption analysis is a simple two-step process. First, did Congress create a private cause of action that encompasses the plaintiff's

8

claims? Second, if so, is that cause of action exclusive? *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003).[3]

23.     For a federal law to completely preempt state law claims and provide a basis for subject matter jurisdiction, it must contain "a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008). Without a federal cause of action, there can be no complete preemption. *Id.* A private right of action is only created by affirmative evidence of Congressional intent to allow private civil suits. *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001).

24.     Once it has been established that federal law creates a private cause of action, the next step is to determine whether that cause of action is exclusive. A federal cause of action is exclusive when there is clear Congressional intent that lawsuits for a particular type of statutory violation must be channeled through a federal statutory scheme. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777 (5th Cir. 2003).

25.     This cause-of-action requirement makes sense. When the federal statute completely preempts the state law cause of action, a claim that comes within the scope of that cause of action is in reality based on federal law. Thus, if complete preemption applies, a plaintiff's state law claim is converted to a claim arising under federal law for jurisdictional purposes, *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008), and the Court will require the plaintiff to replead a claim under that federal law. While federal law may stop a plaintiff's recovery under

---

[3] The Fifth Circuit articulates the same test slightly differently. To establish complete preemption, a defendant must show that: (1) the statute includes a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is clear Congressional intent that the federal action be exclusive. *See Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003)).

ordinary preemption principles, it's the replacement with an exclusive federal cause of action that triggers the *jurisdictional* doctrine to overcome the well-pleaded complaint rule.

26.    Here, Plaintiffs allege only state law causes of action—negligence, negligent hiring, supervision, training, and retention, and gross negligence.

27.    Defendants assert that Plaintiffs' claims are preempted by the Airline Deregulation Act, the Federal Aviation Act, and the Air Carrier Access Act. Doc No. 1 (Defendants' Notice of Removal). These laws fail at step one of the complete preemption analysis—they do not create a private cause of action. *See, e.g. Howard v. Northwest Airlines, Inc.*, 793 F. Supp. 129, 132 (5th Cir. 1992); *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009); *Stokes v. Southwest Airlines*, 887 F.3d 199, 202 (5th Cir. 2018). Defendants have cited no case post-*Anderson* in which the court found that these acts are completely preemptive. Thus, Defendants have not met their burden to establish this Court's jurisdiction. *See Gutierrez v. Flores*, 543 F.3d 248, 255–56 (5th Cir. 2008) ("Appellees have not satisfied the first portion of the complete preemption test—that the [federal law] contains a civil enforcement provision that creates a cause of action that replaces and protects" the state law causes of actions asserted.).

**a.    Airline Deregulation Act**

28.    Plaintiffs allege a failure to provide proper assistance. Defendants assert that these claims are preempted by the Airline Deregulation Act, which prohibits states from enacting or enforcing a law, regulation, or other provision that relates to a price, route, or service of an air carrier. The Airline Deregulation Act does not create a private cause of action. *Howard v. Northwest Airlines, Inc.*, 793 F. Supp. 129, 132 (S.D. Tex. 1992). *See also Buck v. American Airlines, Inc.*, 476 F.3d 29, 33–34 (1st Cir. 2007) ("[F]or the purpose of implying private rights of action, the Federal Aviation Act (and, hence, the ADA, *see supra* note 5) is barren soil."); *Air Transp. Ass'n of Am.*

10

*v. Public Util. Comm'n of the State of Cal.*, 833 F.2d 200, 207 (9th Cir. 1987) (finding no private right of action); *Montauk-Caribbean Airways, Inc. v. Hope*, 784 F.3d 91, 97 (2d Cir. 1986) (no Congressional intent to create a private right of action).

### b.   Federal Aviation Act

29.   Defendants also allege that Plaintiffs' claims are impliedly preempted as the applicable standard of care for the operation, warning, and general safety of an aircraft is entirely occupied by the Federal Aviation Act. Doc. No. 1 (Defendants' Notice of Removal, p. 4). The Federal Aviation Act does not provide a federal cause of action for personal injury suits. *See Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009) (finding that the FAA expressly preserves state remedies and "contemplate[s] tort suits brought under state law"); *Chau v. Air Cargo Carriers, LLC*, 425 F. Supp. 3d 658, 664 (S.D. WV 2019) ("Mere reference to federal statutes and regulations pertaining to the Defendants' alleged standard of care is not enough to confer federal question jurisdiction.").

### c.   Air Carrier Access Act

30.   Plaintiffs allege that United Airlines and ExpressJet failed to properly emplane and deplane Arthur Mills. Defendants assert that Plaintiffs' claims are preempted by the Air Carrier Access Act. Defendants allege that Plaintiffs' claims are rooted in the Defendants' adherence to the Air Carrier Access Act which prohibits air carriers from discriminating against individuals with physical disabilities. The Air Carrier Access Act does not provide a federal cause of action for disability discrimination against an air carrier. *Stokes v. Southwest Airlines*, 887 F.3d 199, 202 (5th Cir. 2018) (finding no private right of action and noting that every federal court to reach the issue has held that there is no private right of action). *See also Lopez v. Jet Blue Airways*, 662 F.3d 593,

597–98 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1269–70 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354–59 (11th Cir. 2002).

31.     None of the three federal laws Defendants rely on to preempt Plaintiffs' claims provide a private cause of action. Because these federal laws do not provide a cause of action, they cannot completely preempt Plaintiffs' claims. The *Anderson* exclusive cause of action test necessarily requires the existence of a private federal cause of action. Thus, Plaintiffs' claims are not completely preempted and this Court lacks subject matter jurisdiction.

## CONCLUSION

32.     Although Plaintiffs demonstrate that Defendants' removal is untimely and this Court does not have subject matter jurisdiction, even if the Court views the issues as doubtful, all doubts must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). This resolve-all-doubts principle is more than just form. Rather, it serves a vital role in promoting both Federalism and judicial economy. *Id.* On Federalism: "As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* And intertwined with this federalism are the judicial-economy concerns related to the reviewability of remand orders. Specifically, if a District Court resolves a close call *against* remand and is later reversed, obviously any jurisdictional error infects the case and requires vacatur even years later. *Ins. Corp. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *McKee v. Kansas City S. RR Co.*, 356 F.3d 329, 336-37 (5th Cir. 2004). Conversely, if a District Court remands the case for a timely raised defect in removal procedure, the order granting remand is unreviewable on appeal and the

case proceeds without delay in the state forum. 28 U.S.C. § 1447(d); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).

**PRAYER**

For these reasons, Plaintiffs request this Court sign and enter an Order remanding this case to the 157th Judicial District Court, Harris County, Texas, with any applicable costs of court to be taxed against the party incurring same.

Respectfully Submitted,

**THE AMMONS LAW FIRM, L.L.P.**

_/s/ *Robert Ammons*_____
Robert E. Ammons (attorney-in-charge)
Texas Bar No. 01159820
Southern District of Texas Bar No. 11742
Justin D. Burrow
Texas Bar No. 24035598
Southern District of Texas Bar No. 32800
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:     (713) 523-4159
Email:     rob@ammonslaw.com
Email:     justin.burrow@ammonslaw.com
Email:     savannah@ammonslaw.com

*and*

Tobias A. Cole
State Bar No. 24007021
toby@colelawtx.com
Mary E. Allen
State Bar No. 24116021
mary@colelawtx.com
The Cole Law Firm
1616 S. Voss Road, Suite 450
Houston, Texas 77057
Telephone:     (832) 539-4900
Facsimile:     (832) 539-4899

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The movant has conferred with the respondents and counsel cannot agree about the disposition of this motion.

_/s/ *Robert Ammons*_____
Robert E. Ammons (attorney-in-charge)

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2021, I electronically filed the foregoing with the Clerk of Court for the Southern District of Texas using the CM/ECF system which will send notification of such filing to the following:

Patrick J. Comerford
RIGBY SLACK LAWRENCE BERGER
AKINC PEPPER + COMERFRD, PLLC
3500 Jefferson Street, Suite 330
Austin, Texas 78731
*Counsel for Defendant ExpressJet, LLC*

Jad J. Stepp
Stepp & Sullivan, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
*Counsel for Defendant United Airlines, Inc.*
*and Simplicity Ground Services, LLC*

Marc Michael Rose
ROSE LAW GROUP, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 77024
*Counsel for Defendants ABM Aviation, Inc.,*
*Jessica Mora, and Prystal Milton, and Antonio DeLeon*

_/s/ *Robert Ammons*_____
Robert E. Ammons

14