EXHIBIT A

2/1/2021 12:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50224898
By: Brittany Hall
Filed: 2/1/2021 12:44 PM

CAUSE NO. 2020-69428

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and As Independent Executrix of the Estate of ARTHUR MARK MILLS, and on Behalf of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, Each Individually and as WRONGFUL DEATH BENEFICIARIES OF ARTHUR MARK MILLS, Deceased<br>*Plaintiffs*<br><br>v.<br><br>UNITED AIRLINES, INC., EXPRESSJET AIRLINES, LLC ABM AVIATION INC., SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA, and PRYSTAL MILTON<br>*Defendants* | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br><br><br>157th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Kimberly F. Mills, Individually As Heir at Law and As Independent Administrator of the Estate of Arthur Mills, Deceased, Jeremy M. Mills, Levi C. Mills and April C. Webb, each Individually as Heirs at Law ("Plaintiffs") by and through their undersigned counsel, complaining of Defendants United Airlines, Inc., ExpressJet Airlines, LLC, ABM Aviation, Inc., Simplicity Ground Services, LLC d/b/a Simplicity, Antonio DeLeon, Jessica Mora, and Prystal Milton ("Defendants"). For cause of action, Plaintiffs would respectfully show the Court as follows:

## INTRODUCTION

1. This is a wrongful death matter. Defendants failed to follow safety rules and industry standards while transporting a passenger with disabilities and special needs. The acts and omissions of Defendants injured Arthur Mills that caused his death.

## DISCOVERY LEVEL

2. Under Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs will proceed with discovery under a Level 3 Discovery Control Plan.

## PARTIES

3. Plaintiffs are individuals residing in Texas.

4. Defendant United Airlines, Inc. is a foreign corporation doing business in the State of Texas that has appeared and answered herewith.

5. Defendant ExpressJet Airlines, LLC is a foreign corporation doing business in the State of Texas and can be served with citation through its registered agent, CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104-3821.

6. Defendant ABM Aviation, Inc. is a Texas Company that has appeared and answered herewith.

7. Defendant Simplicity Ground Services, LLC d/b/a Simplicity is a Texas Company that has appeared and answered herewith.

8. Defendant Antonio DeLeon is an individual residing in 4106 East 1st Place, Lubbock, Texas. Defendant Antonio DeLeon was properly served with citation and Plaintiff's Original Petition, Requests for Disclosure, and Request for Trial on November 17, 2020.

9. Defendant Jessica Mora is a Texas resident, who has appeared and answered herewith.

10. Defendant Prystal Milton is a Texas resident, who has appeared and answered herewith.

## JURISDICTION AND VENUE

11.     Venue is proper in Harris County, Texas because Arthur Mills started his journey in Harris County, Texas, and was initially dropped in Harris County, Texas. Additionally, Jessica Mora and Prystal Milton were responsible and directly involved with the incident involving Arthur Mills and are residents of Harris County, Texas.

12.     Jurisdiction is proper in this Court because the Plaintiffs' damages are within its jurisdictional limits. Plaintiffs plead and will prove monetary relief over $1,000,000.

## FACTUAL BACKGROUND

13.     Every day, there are more than 44,000 flights and 2.7 million airline passengers across more than 29 million square miles of airspace.[1] These passengers are required to abide by strict guidelines and restrictions throughout the entire flight experience. Airline passengers follow these policies and procedures implemented by airlines because they trust and believe doing so will result in a safer and more enjoyable flight experience.

14.     Inclusive to a large number of everyday airline passengers are passengers with disabilities who also travel. Airlines must accommodate the needs of air travelers with disabilities.[2] Airlines are required to provide passengers with disabilities with many types of assistance, including wheelchair or other guided assistance to board, deplane, or connect to another flight, seating accommodation assistance that meets passengers' disability-related needs, and assistance with the loading and stowing of assistive devices.[3]

15.     Some of the rules and restrictions limit the number of people that can help get people with

---

[1] www.faa.gov/air_traffic/by_the_numbers/.
[2] www.transportation.gov/individuals/aviation-consumer-protection/traveling-disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20disability.
[3] www.transportation.gov/individuals/aviation-consumer-protection/traveling disability#:~:text=Airlines%20must%20accommodate%20the%20needs,passengers%20because%20of%20their%20disability.

- 3 -

disabilities on and off airplanes. Quite simply, airlines will not allow extra people to board planes to help people with disabilities get on and off. To compensate for the reduction of other passengers, airlines provide individuals who are expected to be trained professionals to assist in safely moving such passengers with disabilities.

16. Unfortunately, airlines and the companies they hire to assist people with severe disabilities are never qualified, trained, or supervised to safely do their jobs. They are so poorly trained and supervised that people are injured regularly.

17. This is the case of one man losing his life to that incompetence. Plaintiffs bring this lawsuit to recover for the death of Plaintiffs' husband and father, Arthur Mills, Deceased, resulting directly and proximately from the negligence and gross negligence of Defendants.

18. Arthur Mills, Deceased, was in a vehicular crash on December 8, 2018, in which he suffered a catastrophic spinal cord injury that rendered him a quadriplegic. Arthur Mills, Deceased, was initially treated for his injuries at Covenant Medical Center in Lubbock, Texas, and was transported to TIRR Memorial Hermann in Houston, Texas two (2) weeks later on December 21, 2018.

19. After six (6) weeks of intense inpatient rehabilitation, Arthur Mills, Deceased finally began gaining strength and was medically cleared to go home to his family. While he knew he had a long road ahead of him, he was happy to be able to leave the hospital and continue his rehabilitation in an outpatient setting.

20. Unfortunately, Arthur Mills, Deceased, was further injured on February 7, 2019, while Defendants attempted to transport him back to his home in Levelland, Texas.

21. Due to the negligent hiring, training, and supervision of Defendant ABM Aviation, Inc.,[4]

---

[4] Defendant ABM Aviation, Inc. provides ground transportation services in Lubbock under a subcontract with Defendant Simplicity Ground Services, LLC d/b/a Simplicity —a company part of Menzies Aviation specializing in

Arthur Mills, Deceased, was dropped by Defendants Jessica Mora and Prystal Milton, during the boarding process while being placed in his seat on the outgoing flight of Defenants United Airlines, Inc. and/or ExpressJet Airlines, LLC from Houston to Lubbock, Texas.

22. While onboard the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC, Arthur Mills, Deceased, began experiencing pain in the back of his neck and lost feeling in his hands. Arthur Mills, Deceased, informed the flight staff of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC that he had recently sustained a neck injury and had been receiving medical treatment in Houston, yet no proper accommodations were made for him by the flight attendants due to the negligent hiring, training, and supervision by Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

23. Arthur Mills, Deceased, was dropped on the floor by the transportation staff of Defendant ABM Aviation, Inc. a second time, upon arriving at the Lubbock airport. When Defendant Antonio DeLeon attempted to help Arthur Mills, Deceased, he dropped him. The second drop fractured the lumbar spine of Arthur Mills, Deceased, which he did not have before boarding the flight of Defendant United Airlines, Inc. and/or ExpressJet Airlines, LLC.

24. The Lubbock Fire Department was eventually called to assist with lifting Arthur Mills, Deceased, from the ground to the ambulance, to prevent any further injury. Arthur Mills, Deceased, endured yet another hospital stay to treat his broken back caused by the transportation staff of Defendant ABM Aviation, Inc. Regrettably, Arthur Mills, Deceased, never recovered from his injuries and continuously deteriorated the last four (4) months of his life.

25. After being home for a couple of weeks, he was taken back to Covenant Medical Center in Lubbock, Texas where he was first treated. Arthur Mills, Deceased, was admitted at Covenant

---

providing passenger and ramp handling services at airports.

Medical Center for approximately three (3) weeks and then transferred to another facility for two (2) months.

26. On June 6, 2019, Arthur Mills, Deceased, died as a result of complications of blunt force trauma including quadriplegia and tracheostomy dependent bronchopneumonia, per his autopsy report. Arthur Mills, Deceased, was home for only five (5) days before he died.

27. During the last three (3) weeks of his life, Arthur Mills, Deceased, severely suffered, as his lungs were slowly collapsing. Amongst other invasive procedures, he underwent repeated bronchoscopies to remove the mucus from his lungs to no avail.

28. The injuries of Arthur Mills', Deceased, started with the vehicular wreck and were exacerbated by the transportation-related trauma caused by the Defendants named in this lawsuit, without which Arthur Mills, Deceased, would still be alive today.

29. Arthur Mills, Deceased, did not leave Houston with any underlying medical conditions that would cause his body to become weak and die. Undoubtedly, the subsequent fall of Arthur Mills, Deceased, was a substantial factor in his death.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANTS JESSICA MORA AND PRYSTAL MILTON)

30. All preceding paragraphs are incorporated herein by reference.

31. Defendants Jessica Mora and Prystal Milton owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care. Defendants Jessica Mora and Prystal Milton breached such duties by committing the following acts and/or omissions:

    a. Dropping Arthur Mark Mills, Deceased, in Houston on the outgoing flight to Lubbock, Texas; and

    b. Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

32. At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendants Jessica Mora and Prystal Milton. Further, Defendants Jessica Mora and Prystal Milton were acting within the course and scope of such employment at the time of the incident in question.

33. Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendants Jessica Mora and Prystal Milton, as described above. Further, each of the negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc. and its employees, Defendants Jessica Mora and Prystal Milton, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANT ANTONIO DELEON)

34. All preceding paragraphs are incorporated herein by reference.

35. Defendant Antonio DeLeon owed a duty to Plaintiffs to act as reasonable and prudent transporter would have acted under the same or similar circumstances, and to exercise ordinary care. Defendant Antonio DeLeon breached such duties by committing the following acts and/or omissions:

   a. Dropping and falling onto Arthur Mark Mills, Deceased, in Lubbock on the arriving flight from Houston, Texas, fracturing the lumbar spine of Arthur Mills, Deceased and

   b. Failing to follow industry standards and best practices for transporting a passenger with disabilities and special needs.

36. At all relevant times, Defendant ABM Aviation, Inc. was the employer of Defendant Antonio DeLeon. Further, Defendant Antonio DeLeon was acting within the course and scope of such employment at the time of the incident in question.

37. Plaintiffs allege that Defendant ABM Aviation, Inc. is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, Defendant ABM Aviation, Inc. is liable to Plaintiffs for the negligent conduct of Defendant Antonio DeLeon, as described above. Further, each of the below negligent acts and/or omissions on the part of Defendant ABM Aviation, Inc.'s employees, Defendant Antonio DeLeon, singularly and cumulatively, was a proximate cause of the death of Arthur Mark Mills, Deceased, and the resulting damages to Plaintiffs.

### THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING/SUPERVISION/TRAINING/RETENTION DEFENDANTS ABM AVIATION, INC.)

38. All preceding paragraphs are incorporated herein by reference.

39. Through the acts of their agents, employees, and/or representatives, Defendant ABM Aviation, Inc. is independently liable to Plaintiffs because Defendant ABM Aviation, Inc. breached its duties owed to Arthur Mark Mills, Deceased, by failing to act as reasonably prudent transporter would have done under the same or similar circumstances. Plaintiffs would show that Defendant ABM Aviation, Inc. was negligent in hiring, supervising, training, and retaining Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon as transporters of passengers with disabilities and special needs.

40. Defendant ABM Aviation, Inc. knew, or in the exercise of ordinary care, should have known that Defendants Jessica Mora, Prystal Milton, and Antonio DeLeon were unfit and unqualified employees who were transporting passengers with disabilities and special needs without proper training and proper supervision. Such negligence was a proximate cause of the incident, the death of Arthur Mark Mills, Deceased, and the Plaintiffs' damages.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE OF DEFENDANTS UNITED AIRLINES, INC. AND EXPRESSJET AIRLINES, LLC)

41. All preceding paragraphs are incorporated herein by reference.

42. The flight at issue was being operated under a joint venture and/or partnership agreement between Defendants United Airlines, Inc. and ExpressJet Airlines, LLC.

43. Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, as carriers, owed a duty Arthur Mark Mills, Deceased, to assist in boarding or deboarding and aircraft to ensure safe passage within the terminal. Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to exercise reasonable care in assisting Arthur Mark Mills, Deceased, to board and exit the plane in a safe manner. Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to provide properly trained transporters personnel to help Arthur Mark Mills, Deceased, who was disabled, board and exit the plane. Without limitation, Defendants United Airlines, Inc. and ExpressJet Airlines, LLC failed to make available all appropriate safety measures and devices while boarding and deboarding the plane. The failures of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, therefore, violated industry-standard safety rules.

44. Nothing Arthur Mark Mills, Deceased, did or failed to do caused or in any way contributed to causing his death or Plaintiffs' resulting damages.

45. Due to the wrongful acts, carelessness, unskillfulness, and negligence of Defendants United Airlines, Inc. and ExpressJet Airlines, LLC, they should be held liable for the fatal injuries to Arthur Mark Mills, Deceased, and the damages to Plaintiffs.

## FIFTH CAUSE OF ACTION
### (GROSS NEGLIGENCE – ALL DEFENDANTS)

46. All preceding paragraphs are incorporated herein by reference.

47. The acts and/or omissions of Defendants are so egregious that they would rise to the level

of gross negligence. Furthermore, Plaintiffs would show that the acts and/or omissions of Defendants were carried out with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that would, in reasonable probability, result in human death, great bodily injury, or property damage.

48. Defendants engaged in acts and/or omissions that, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

49. Defendants, their management, and/or employees had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. These acts and/or omissions, singularly or in combination, constitute malice that proximately caused the death of Arthur Mark Mills, Deceased, and the Plaintiffs' resulting damages.

50. Because Defendants' acts constitute gross negligence, their conduct justifies a recovery of exemplary or punitive damages as a deterrent to the further willful and malicious conduct, among other things, on the part of Defendants. Plaintiffs herein sue for exemplary damages against Defendants.

## WRONGFUL DEATH AND SURVIVAL STATUTE DAMAGES

51. All preceding paragraphs are incorporated herein by reference.

52. Plaintiffs are statutory beneficiaries of Arthur Mills, Deceased, and are entitled to bring an account on account of his wrongful death.

53. Plaintiffs bear the following relationships to Arthur Mills, Deceased:

    a.    Kim Mills    –    Wife;

    b.    Jeremy Mills    –    Son;

    c.    Levi Mills    –    Son; and

    d.    April Mills    –    Daughter.

54. Under Sections 71.001-71.012 of the Texas Civil Practice and Remedies Code ("Texas Wrongful Death Statute"), Plaintiffs, as wrongful death beneficiaries and as heirs of Arthur Mills, Deceased, bring this action to recover just compensation for the damages that they have suffered as the result of the death of their father and husband.

55. As a proximate result of the above acts and/or omissions on the part of Defendants, Plaintiffs have suffered pecuniary damages due to the death of Arthur Mills, Deceased, including loss of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would in reasonable probability have received from Arthur Mills, Deceased, during his lifetime, had he lived.

56. Plaintiffs have suffered additional losses by the destruction of the spousal and parent/child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.

57. Plaintiffs have suffered severe mental depression and anguish, grief and sorrow, as a result of the death of Arthur Mills, Deceased, and are likely to continue to suffer for a long time into the future.

58. For these losses, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek damage over minimal jurisdictional limits of this Court.

59. Further, Plaintiffs, as wrongful death beneficiaries and heirs of Arthur Mills, Deceased, seek both pre-judgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief both in law and equity, to which they may be entitled.

60. Under Section 71.021 of the Texas Civil Practice and Remedies Code ("Texas Survival

Statute"), Plaintiffs seek recovery from Defendants for the mental anguish suffered by Arthur Mills, Deceased, from the moment he became aware of the incident in question, until the time of his death.

61. Plaintiffs were the spouse and children of Arthur Mills, Deceased. As a direct and proximate result of the negligence of Defendants, as described above, there has been a sudden and unexpected severance of the spousal and parent/child relationship between Plaintiffs and the Decedent.

62. Plaintiffs respectfully request the Court and jury to determine the amount of loss incurred, not only from a financial standpoint but also in terms of mental anguish and freedom from grief and worry. From the date of the incident in question to the time of the trial of this cause, the elements of damages to be considered separately and Individually to determine the sum of money that will fair and reasonably compensate Plaintiffs are as follows:

- a. Plaintiffs' mental pain and anguish, meaning the emotional pain, torment, and suffering they have experienced because of the untimely and unexpected death of Arthur Mills, Deceased;

- b. Plaintiffs' loss of companionship and society from the date of the incident to the time of trial, including but not limited to, the loss of the positive benefits flowing from the love, comfort, companionship, and society that the deceased's spouse and children, in reasonable probability, would have received from Arthur Mills, Deceased, had he lived;

- c. Plaintiffs' pecuniary losses, including, but not limited to, the loss of the advice, counsel, services, care, maintenance, and support of Arthur Mills, Deceased, that the deceased's spouse and children, in reasonable probability, would have received from the deceased had he lived;

- d. All elements of damages available under the survival statute;

- e. All elements of damages available under the wrongful death statute;

- f. Loss of inheritance;

- g. Punitive or exemplary damages; and

      h.      Reasonable costs, expenses, and interests.

## RESERVATION OF RIGHTS

63.      These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional and/or different allegations, including the potential of adding potential parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## PRODUCTION OF DOCUMENT SELF-AUTHENTICATING

64.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the "actual" written notice that all documents produced in this litigation shall be used by Plaintiffs at pretrial proceedings and trial.[5] Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial. Any objections thereto by Defendants shall be in writing or placed on the record, giving Plaintiffs a reasonable opportunity to establish the challenged document's authenticity.

## JURY DEMAND

65.      Plaintiffs hereby demand a jury trial and previously paid the appropriate fee.

## PRAYER

For these reasons, Plaintiffs pray that upon trial hereof, said Plaintiffs have and will recover damages as would reasonably and justly compensate them based on the evidence, rules of law, and procedure. Also, Plaintiffs request the award of (1) actual, compensatory and punitive damages;

---

[5] TEX. R. CIV. P. 193.7.

(2) pre-judgment and post-judgment interest as provided by law; (3) costs of suit; and (4) such other and further relief to which Plaintiffs may be justly entitled at law and in equity.

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**

_____
Robert E. Ammons
State Bar No. 01159820
Justin D. Burrow
State Bar No. 24035598
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   (713) 523-1606
Facsimile:   (713) 523-4159
Email:         rob@ammonslaw.com
Email:         justin.burrow@ammonslaw.com
Email:         melissa@ammonslaw.com

And

Tobias A. Cole
State Bar No. 24007021
toby@colelawtx.com
Mary E. Allen
State Bar No. 24116021
mary@colelawtx.com
THE COLE LAW FIRM
1616 S. Voss Road., Suite 450
Houston, Texas   77057
Telephone:   (832) 539-4900
Facsimile:   (832) 539-4899
Email:         toby@colelawtx.com
Email:         mary@colelawtx.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      In accordance with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this <u>1st</u> day of February 2021.

| | |
|---|---|
| Jad J. Stepp<br>STEPP & SULLIVAN, P.C.<br>5300 Memorial Drive, Suite 620<br>Houston, Texas 77007<br>***Counsel for Defendant United Airlines, Inc.*** | *Via E-Service & email: jstepp@ss-pc.com* |
| Marc Michael Rose<br>ROSE LAW GROUP, PLLC<br>777 Main Street, Suite 600<br>Fort Worth, Texas 77024<br>***Counsel for Defendants ABM Aviation, Inc.,***<br>***Jessica Mora and Prystal Milton*** | *Via E-Service & email: marc@roselg.com* |

_____
Robert E. Ammons / Justin D. Burrow

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2020-69428    **CURRENT COURT:** 157th Judicial District Court

**Name(s) of Documents to be served:** Plaintiffs' First Amended Petition

**FILE DATE:** 02/01/2021   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ExpressJet Airlines, LLC

Address of Service: 2 North Jackson Street, Suite 605

City, State & Zip: Montgomery, Alabama 36104-3821

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [X] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [X] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____   (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert E. Ammons   Bar # or ID  01159820

Mailing Address: 3700 Montrose Blvd., Houston, Texas 77006

Phone Number: 713-523-4159

| | |
|---|---|
| **Amended Filing** | |
| Filing Type | EFileAndServe |
| Filing Description | Plaintiffs' First Amended Petition |
| Comments | please email the citation to my assistant melissa@ammonslaw.com |
| Lead Document | Plaintiffs' First Amended Petition [Download link] |
| Document | Request for Issurance of Service [Download link] |