IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, and on behalf Of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, Each Individually and as Wrongful Death Beneficiaries of ARTHUR MARK MILLS, DECEASED | § § § § § § § § § | |
| *Plaintiffs* | § § | CASE NO. 4:21-cv-1241 |
| v. | § § | |
| UNITED AIRLINES, INC., ABM AVIATION, INC., SIMPLICITY GROUND SERVICES, LLC D/B/A SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA, PRYSTAL MILTON, and EXPRESSJET AIRLINES, INC. | § § § § § § § § | |
| *Defendants* | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION TO REMAND**

Plaintiffs file this Reply to Defendants' Response to Plaintiff's Motion to Remand and respectfully show as follows:

**I.   Defendants' removal is untimely.**

1.   The document on which Defendant's rely provided no new information revealing any federal nature of Plaintiffs' claims, making their removal untimely under 28 U.S.C. § 1446. For the first time in their response, Defendants have acknowledged that the language they rely on appears verbatim in a pleading served almost two months before Plaintiffs' First Amended

1

Responses to All Defendants' Requests for Disclosure and 67 days before Defendants removed. Defendants assert that it is not the presence of the information in the paper that creates their right to remove, but the purpose of the information. Doc. No. 12 (Defendants' Response to Plaintiffs' Motion to Remand p. 5). Defendants cite no authority for this proposition.

2.     Defendants must remove within 30 days of the time it could have been "first ascertained" that the case was removable. 28 U.S.C. § 1446(b). In *Meisel v. USA Shade and Fabric Structures Inc.*, the defendant removed, claiming complete preemption. 795 F. Supp. 2d 481, 484 (N.D. Tex. 2011). The Court did not find that the plaintiff's claims were completely preempted but addressed the timeliness of the defendant's removal anyways. *Id.* at 491–92. The defendant argued that it did not have notice of the full scope of the plaintiff's claims until discovery was undertaken and thus its 30-day clock was not triggered until receipt of the discovery. *Id.* at 492–93. The court rejected this argument, because some of the same allegations appeared on the face of the amended petition. *Id.* at 493.

3.     Plaintiffs have hidden no federal claim. Defendants argue that counsel cleverly concealed federal claims in the earlier pleadings. This concealment, they argue, was uncovered when Plaintiffs used the identical language in "[an]other paper." That argument defeats itself. Defendants are right that no federal claim appears in the pleadings. Those pleadings contain only state-law claims. Defendants, not Plaintiffs, plead preemption defenses. The later paper stated the same state-law claims verbatim. Repeating the claims doesn't federalize them. Instead, they are still state claims, and Defendants have a preemption defense that the state court should resolve.

**II.    Because Plaintiffs' claims are not completely preempted, this Court lacks subject-matter jurisdiction.**

4.     Defendants' Response continues to conflate ordinary preemption and complete preemption. Complete preemption creates federal removal jurisdiction. Ordinary preemption does

not. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Ordinary preemption principles may support a defendant's argument that the defendant cannot be held liable under state law. But this argument does not give a federal court jurisdiction. Defendants have not met their burden to establish this Court's jurisdiction.

5. There is only one test to determine whether a plaintiff's claims are completely preempted: the exclusive cause of action test established in *Beneficial Nat'l Bank v. Anderson*. 539 U.S. 1, 8 (2003). The Court clarified the "great preemptive force" analysis courts sometimes referenced before *Anderson* with a clear, easy to apply test. Under the *Anderson* test, complete preemption applies only if Congress created an exclusive cause of action that encompasses the plaintiff's claims. *See Anderson*, 539 at 9. This is the sole framework established by the Supreme Court for the complete preemption doctrine.

6. Any enforcement provisions granted to federal departments or agencies like the Department of Transportation are irrelevant to this Court's jurisdiction. It is not just the creation of a civil enforcement provision, but a "civil enforcement provision that creates a cause of action" that triggers complete preemption and federal jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008). When complete preemption applies, a plaintiff's claim is converted to a claim arising under federal law for jurisdictional purposes. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008). If Congress has not created a federal cause of action that encompasses a plaintiff's claims, there is no federal claim for the plaintiff's state law claim to be converted into. Congress did not grant individuals a federal cause of action with any of the laws cited by Defendants. Thus, complete preemption does not apply to Plaintiffs' claims, and this Court lacks jurisdiction.

## CONCLUSION

Defendants removed too late. Further, this Court lacks subject-matter jurisdiction. For these reasons, Plaintiffs request that this Court remand this case to the 157th Judicial District Court, Harris County, Texas.

Respectfully Submitted,

**THE AMMONS LAW FIRM, L.L.P.**

_/s/ *Robert Ammons* _____
Robert E. Ammons (attorney-in-charge)
Texas Bar No. 01159820
Southern District of Texas Bar No. 11742
Justin D. Burrow
Texas Bar No. 24035598
Southern District of Texas Bar No. 32800
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:	(713) 523-1606
Facsimile:	(713) 523-4159
Email:		rob@ammonslaw.com
Email:		justin.burrow@ammonslaw.com

*and*

Tobias A. Cole
State Bar No. 24007021
toby@colelawtx.com
Mary E. Allen
State Bar No. 24116021
mary@colelawtx.com
The Cole Law Firm
1616 S. Voss Road, Suite 450
Houston, Texas 77057
Telephone:	(832) 539-4900
Facsimile:	(832) 539-4899

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2021, I electronically filed the foregoing with the Clerk of Court for the Southern District of Texas using the CM/ECF system which will send notification of such filing to the following:

Patrick J. Comerford
RIGBY SLACK LAWRENCE BERGER
AKINC PEPPER + COMERFRD, PLLC
3500 Jefferson Street, Suite 330
Austin, Texas 78731
*Counsel for Defendant ExpressJet, LLC*

Jad J. Stepp
Stepp & Sullivan, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
*Counsel for Defendant United Airlines, Inc.*
*and Simplicity Ground Services, LLC*

Marc Michael Rose
ROSE LAW GROUP, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 77024
*Counsel for Defendants ABM Aviation, Inc.,*
*Jessica Mora, and Prystal Milton, and Antonio DeLeon*

                                                        _/s/ *Robert Ammons* _____
                                                        Robert E. Ammons