IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, et al.. *Plaintiffs,* | § § § § § | |
| vs. | § § | CIVIL ACTION NO. 4:21-cv-1241 |
| UNITED AIRLINES, INC., et al., *Defendants.* | § § § | |

**DEFENDANTS' JOINT MOTION FOR LEAVE
TO DESIGNATE RESPONSIBLE THIRD-PARTIES**

COME NOW, Defendants United Airlines, Inc. ("United"), ABM Aviation, Inc. ("ABM"), Simplicity Ground Services, LLC ("Simplicity") and ExpressJet Airlines, Inc. ("ExpressJet") (collectively "Defendants"), pursuant to TEX. CIV. PRAC. & REM. CODE §§ 33.004 and 33.011, and file this Motion for Leave to Designate (the "Motion") as Responsible Third-Parties, Matthew Smith, M.D., TIRR Hermann-Memorial Hospital, Covenant Medical Center and Rehabilitation, Trustpoint Rehabilitation Center (collectively referred to as "Medical Providers" herein); and First Care Health Care ("Medical Insurer") and would respectfully show the Court as follows:

**I.
INTRODUCTION**

The Court should grant Defendants leave of Court to designate Plaintiffs' Medical Providers and Medical Insurer as responsible third parties. Under Chapter 33 of the TEX. CIV. PRAC. & REM. CODE, sufficient evidence exists demonstrating that both Plaintiffs' Medical Providers and Medical Insurer's malpractice, bad faith, breach of contract and/or negligence were sufficient factors in causing Plaintiffs' claimed injuries. Both Medical Providers and

Medical Insurer must be designated as responsible third parties for the jury to assign a percentage of responsibility to each, separately and independently.

Plaintiffs' Decedent, Mr. Arthur Mark Mills (hereinafter "Mr. Mills" or "Decedent"), was severely injured on December 8, 2018 during a single-vehicle rollover accident that is not the subject of this lawsuit. His treatment for his injuries began in Lubbock. After two weeks, he was transferred to TIRR Hermann Memorial in Houston. Due to some combination of decision-making between the Medical Providers and Medical Insurer, Decedent's treatment, recovery, and rehabilitation was terminated on the morning of February 7, 2021, the very same morning of the flight[1] that gives rise to this action.

Plaintiffs allege that Defendants dropped Mr. Mills during the transition from a transport chair into his airplane seat prior to departure, and then allegedly dropped him again during the transition from an aisle chair to his wheelchair during deplaning. Mr. Mills, however, did not die immediately in the hours or days after the flight; he died four months after the flight. During those four months, he was under constant medical care.

Both Medical Providers and Medical Insurer should receive a percentage of the responsibility which reflects their respective amount of negligence in their acts or omissions leading to the incident and/or subsequent injuries just as Defendants will, if the trier of fact finds any liability.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' First Amended Petition, dated February 1, 2021, claims that Decedent was first injured when boarding an ExpressJet flight from Houston, Texas to Lubbock, Texas on February

---

[1] In total, Plaintiff underwent exactly 60 days of treatment before he was discharged on the 61st day of treatment. On that 61st day when, presumably, Plaintiff's medical insurance coverage reached its hospital stay limit and he did not have the option to stay at the hospital, Plaintiff's treatment was terminated.

7, 2019, and allegedly injured again when deplaning that same ExpressJet flight upon landing in Lubbock, Texas.

Two months prior to the subject flight, Plaintiff had been severely injured in a single-vehicle accident on December 8, 2018. Plaintiff Mills was paralyzed as a result of that accident from his torso down to his toes.

Defendants removed the case to this Court on April 14, 2021. The initial scheduling conference was held on July 23, 2021. The Scheduling Order provided that any additional parties had to be added by October 3, 2021, which, being a Sunday, made Monday, October 4, 2021, the deadline. In an abundance of caution, Defendants file this designation to avoid any claims of prejudice or surprise on the part of the Plaintiffs. Clearly, Plaintiffs hold more knowledge regarding the actions and inactions of the Medical Providers and Medical Insurer but have chosen to not make them defendants in a civil suit. Plaintiffs have also chosen not to share Plaintiff's full medical records and have attempted to provide an unfairly and prejudicially limited authorization for treatment and billing records.

## III.
## ARGUMENT AND AUTHORITIES

**A.** **Chapter 33 of the TEX. CIV. PRAC. & REM. CODE Applies**

In diversity actions, federal courts apply state law to substantive issues and federal law to procedural issues. *Hanna v. Plumer*, 380 U.S. 460, 466-467 (1965); *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679 (5th Cir. 1991). Further, a state rule that reflects a state substantive policy that is not in conflict with a federal rule should be applied to the case as the rule of law. *Exxon Corp. v. Burglin*, 42 F.3rd 948, 949 (5th Cir. 1995).

Chapter 33 of the TEX. CIV. PRAC. & REM. CODE was enacted to determine the percentage of responsibility in tort actions between parties and each responsible third party who has been

designated under Section 33.004. Several federal courts in Texas have found that Section 33.004 does not conflict with any federal rules. *See, e.g., Kelly v. Pac. Cycle, Inc.*, No. 3:07-CV-0607-B, 2007 WL 4226922, *1 (N.D. Tex. Nov. 29, 2007)*; Floyd v. Cannon Drilling Ltd. II,* LLP, No. 3:10-CV-00095-F, 2012 WL 13026631, *1 (N.D. Tex. May 16, 2012); *Becker v. Wabash Nat'l Corp.*, No. C-07-115, 2007 WL 2220961, *2 (S.D. Tex. July 31, 2007); *Cortez v. Frank's Casing Crew & Rental Tools*, No. V-05-125, 2007 WL 419371, *1-3 (S.D. Tex. Feb. 2, 2007).

**B.  Assigning Percentage of Responsibility Under Chapter 33**

Under Chapter 33 of the TEX. CIV. PRAC. & REM. CODE, the trier of fact may compare a defendant's responsibility with the responsibility of the claimant, other defendants, and any responsible third parties joined by the defendant. TEX. CIV. PRAC. & REM. CODE §§ 33.003, 33.011(1). A defendant is any person from whom claimant seeks recovery of damages. TEX. CIV. PRAC. & REM. CODE § 33.011(2). A responsible third party is any person who is alleged to have caused or contributed in any way the harm for which recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE § 33.011(6). The definition of a responsible third party was broadened in 2003 to include parties that may have otherwise be immune from suit by the claimant. With a sufficient demonstration of evidence, each of these parties should be included for the determination of responsibility and apportionment of liability on the verdict sheet by the trier of fact. TEX. CIV. PRAC. & REM. CODE § 33.003.

Under the facts presented here, the parties for which liability must be determined are Plaintiffs, Decedent, United, ABM, Simplicity, ExpressJet, Plaintiff's Medical Providers, and Plaintiff's Medical Insurer.

**C.  Sufficient Evidence Exists to Support a Finding of Negligence Against Medical Providers and Medical Insurer.**

Based on the foregoing, if Plaintiffs' claims of negligence are successful before the trier

of fact, Decedent's Medical Providers and Medical Insurer, independently and respectively, were negligent and responsible for the injuries plaintiffs allege as a result of the flight.

Decedent was a patient of his Medical Providers and a customer of his Medical Insurer. As such, both owed a duty of care to him, including the duty to act with the same degree of care for Decedent's safety and well-being that would be exercised by a reasonably cautious and prudent person under the same or similar circumstances.

Plaintiffs allege that Decedent was injured during his transport both on and off a plane.

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Decedent when they released him from intensive 24-hour hospital care with merely a letter providing "To Whom It May Concern" that Mr. Mills was "medically cleared to travel by air. His wife has been trained to assist him with any needs."

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Decedent when they failed to provide the necessary required transport vehicle, namely, a Medvac or Ground Medical Transport to safely transport Decedent from Houston to his home.

The Medical Providers and Medical Insurer, their agents, servants, and employees breached their duties to Decedent when they failed to arrange for a prospective trip to George Bush International Airport to prior to the day of the flight to prepare for the flight, understand the procedures and processes, and gain knowledge of what the boarding and seating process would entail and look like.

The Medical Providers and Medical Insurer, their agents, servants, and employees breached their duties to Decedent when they failed to contact United, ABM, Simplicity, and/or

ExpressJet to alert and inform Defendants of the particular needs and health status of Mr. Mills prior to the flight.

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Decedent when they released him again from intensive 24-hour hospital care to his home.

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Plaintiffs and Decedent when they failed to provide proper and sufficient training to Plaintiffs to enable them to care for Decedent and treat his injuries.

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Plaintiffs and Decedent when they failed to provide the equipment necessary for Decedent's care for his injuries in his home.

The Medical Providers and Medical Insurer, their agents, servants and employees breached their duties to Decedent when they failed to provide the necessary and required home healthcare providers to care for him and treat his injuries.

The Medical Providers' malpractice was the direct and proximate cause of Plaintiffs' injuries.

The Medical Insurer's bad faith was the direct and proximate cause of Plaintiffs' injuries.

The Medical Providers' negligence was the direct and proximate cause of Plaintiffs' injuries.

The Medical Insurer's negligence was the direct and proximate cause of Plaintiffs' injuries.

The Medical Providers' breach of contract is the direct and proximate cause of Plaintiffs' injuries.

The Medical Insurer's breach of contract is the direct and proximate cause of Plaintiffs' injuries.

## IV. CONCLUSION

Based on the foregoing, Defendants seek leave of this Court to designate Medical Providers and Medical Insurer as responsible third parties and assign a percentage of responsibility to each, separately, independently, and respectively. Both the Medical Providers and Medical Insurer should receive a percentage of the responsibility which reflects its amount of negligence in their acts or omissions leading to the incident just as any Defendant will, if the trier of fact finds any liability.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their motion be GRANTED, for the reasons set forth herein and whatever further relief, general or specific, in law or equity, to which it may prove itself to be justly entitled.

Dated:  October 4, 2021

Respectfully submitted,

STEPP & SULLIVAN, P.C.

By: /s/ Jad J. Stepp
Jad J. Stepp
State Bar No.: 19169100

5300 Memorial Drive, Suite 620
Houston, Texas 77007
jstepp@ss-pc.com
*Counsel for Defendants United Airlines, Inc. and Simplicity Ground Services, LLC, d/b/a Simplicity USA*

ROSE LAW GROUP PLLC

By: */s/ Marc Michael Rose*
    Marc M. Rose
    State Bar No.: 24098350
    SDTBN: 2943701

777 Main Street, Suite 600
Ft. Worth, Texas 77024
marc@roselg.com
*Counsel for Defendants ABM Aviation, Inc., Jessica Mora, Prystal Milton and Antonio DeLeon*

RIGBY SLACK LAWRENCE BERGER AKINC PEPPER + COMERFORD, PLLC

By: */s/ Patrick J. Comerford*
    Patrick J. Comerford
    State Bar No. 24096724
    SDTBN: 2973386

3500 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone: (512) 782-2060
pcomerford@rigbyslack.com
*Counsel for Defendant Expressjet Airlines, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion for Leave to Designate Responsible Third Parties was served via electronic mail on all parties and attorneys of record on October 4, 2021:

Robert E. Ammons
Justin D. Burrow
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
rob@ammonslaw.com
justin.burrow@ammonslaw.com
melissa@ammonslaw.com

Tobias A. Cole
Mary E. Allen
THE COLE LAW FIRM
1616 S. Voss Road, Suite 450
Houston, Texas 77057
toby@colelawtx.com
mary@colelawtx.com

*Counsel for Plaintiffs Kimberly Mills, Individually and as Independent Executrix of the Estate of Arthur Mark Mills, et al.*


Jad J. Stepp
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
jstepp@ss-pc.com
*Counsel for Defendants United Airlines, Inc. and Simplicity Ground Services, LLC, d/b/a Simplicity USA*

Marc Michael Rose
ROSE LAW GROUP PLLC
777 Main Street, Suite 600
Ft. Worth, Texas 77024
marc@roselg.com
*Counsel for Defendants ABM Aviation, Inc., Jessica Mora, Prystal Milton and Antonio DeLeon*

                                        */s/ Patrick J. Comerford*
                                        Patrick J. Comerford