United States District Court
Southern District of Texas
**ENTERED**
January 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, and on behalf of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS, and APRIL C. WEBB, Each Individually and as Wrongful Death Beneficiaries of ARTHUR MARK MILLS, Deceased, § § § § § § § § § § | |
| Plaintiffs, § § | |
| V. § § | CIVIL ACTION NO. H-21-1241 |
| UNITED AIRLINES, INC., ABM AVIATION, INC., SIMPLICITY GROUND SERVICES, LLC d/b/a SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA, PRYSTAL MILTON, and EXPRESSJET AIRLINES, INC. § § § § § § § § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs' pending Motion to Remand (Document No. 11) has been referred to the undersigned Magistrate Judge for a Memorandum and Recommendation. Having considered the motion, Defendants' Response, Plaintiffs' Reply, the claims and allegations in Plaintiffs' state court pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiffs' Motion to Remand be GRANTED.

Plaintiffs, as beneficiaries and the executrix of the estate of Arthur Mark Mills ("Mr. Mills"), filed suit in state court following Mr. Mills' death. Plaintiffs alleged in their state court pleading that Mr. Mills sustained injuries when he, a quadriplegic, was dropped "during the boarding process while being placed in his seat" on a United Airlines flight from Houston, Texas to Lubbock, Texas, and was dropped a second time, "upon arriving at the Lubbock airport." (Document No. 1-3 at 48).

Plaintiffs allege that Mr. Mills suffered a lumbar fracture as a result of Defendants' conduct, which ultimately led to his death.

In their state court pleading, Plaintiffs asserted a claim of negligence against Jessica Mora and Prystal Milton related to the incident in Houston, a claim of negligence against Antonio DeLeon related to the incident in Lubbock, claims of negligent hiring, supervision, training, and retention against Defendant ABM Aviation, Inc. (which employed Defendants Mora, Milton and DeLeon), a claim of negligence against Defendants United Airlines and ExpressJet Airlines, and claims of gross negligence against all Defendants. Defendants removed the case to this Court on April 14, 2021, claiming jurisdiction on the basis that Plaintiffs' claims all fall within "the preemptive scope of the Airline Deregulation Act" and/or the Airline Carrier Access Act. Plaintiffs dispute this and have filed a Motion to Remand, arguing that the Court lacks subject matter jurisdiction because the Airline Deregulation Act ("ADA") and/or Airline Carrier Access Act ("ACAA") does not completely preempt their claims.

Whether the ADA and/or ACAA completely preempts Plaintiffs' claims such that the Court has subject matter jurisdiction over Plaintiffs' claims is the primary issue to be decided in connection with Plaintiffs' Motion to Remand, with Plaintiffs also arguing that Defendants' removal was not timely.

Federal district courts are courts of limited jurisdiction. Absent jurisdiction granted by the Constitution and federal statute, federal district courts lack the authority necessary to adjudicate claims. *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Federal subject matter jurisdiction is limited to the following instances: (1) cases where the amount in controversy threshold requirement is met, and diversity of citizenship exists; or (2) cases involving a federal

question, meaning that the claims "arise under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331, 1332.

To determine whether federal question jurisdiction exists, courts apply the "well pleaded complaint rule," which finds such jurisdiction only where a federal question appears on the face of a properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). However, "the Supreme Court has created an exception to this rule when federal law wholly displaces a state law cause of action through complete preemption." *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8,(2003)). Under the doctrine of "complete preemption," regardless of the language of the claim, an otherwise ordinary state law claim becomes a federal claim when Congress passes a statute that "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Marks v. Suddath Relocation Sys. Inc.*, 319 F.Supp.2d 746, 750 (S.D. Tex. 2004) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).

The ADA was enacted to promote "efficiency, innovation, and low prices" in the airline industry through "maximum reliance on competitive market forces and on actual and potential competition." *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014). The ADA contains the following express preemption provision:

> (b) Preemption.--(1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C.A. § 41713 (West). This preemption provision, while broadly construed, does not apply to any and all claims against an airline. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390,

(1992)("'[s]ome state actions may affect [airline fares] in too tenuous, remote, or peripheral a manner' to have pre-emptive effect."). Moreover, the Fifth Circuit determined in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997) that Congress did not intend, with the ADA, "to completely preempt state law." The Fifth Circuit later determined, in *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995), that the ADA did not "displace state tort actions for personal physical injuries or property damage caused by the operation and maintenance of aircraft."

As for the ACAA, it was enacted "to prohibit airlines from discriminating against disabled passengers," to require "carriers to make aircraft, other facilities, and services accessible," and to require "carriers to take steps to accommodate passengers with a disability." *Armstrong v. Sw. Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4391247, at *2 (N.D. Tex. Sept. 24, 2021). The ACAA contains no express preemption provision, and provides for no private cause of action. *Stokes v. Sw. Airlines*, 887 F.3d 199, 205 (5th Cir. 2018) ("the ACAA 'is enforceable only by the agency charged with administering it'" and "[n]o private right of action exists to enforce the ACAA in district court.").

Having considered the statutory text relied upon by Defendants, the allegations herein, and the numerous cases in which personal injury claims have been found not to be completely preempted by the ADA or the ACAA, the Magistrate Judge concludes that Plaintiffs' claims are not completely preempted by the ADA and/or the ACAA, and that a remand of this case is warranted.

"[A] party asserting complete preemption must demonstrate that '(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right;' and (3) Congress intended the federal cause of action to be exclusive."

*Gulf Winds Int'l Inc. v. Almanzar*, No. 4:20-CV-04136, 2021 WL 4481340, at *3 (S.D. Tex. Sept. 29, 2021). Here, as argued by Plaintiffs, neither the ADA nor the ACAA provide them with any real remedy or recourse for the conduct about which they complain in this case. There is no statutory civil "cause of action" provided for in either the ADA or the ACAA, and an aggrieved passenger is left with filing a complaint with the Department of Transportation. *See Stokes*, 887 F.3d at 205 (there is no private cause of action under the ACAA); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) ("the ADA does not even provide for a private right of action to enforce its provisions").

Moreover, no real distinction can be made between this case and other cases in which state law personal injury claims against an airline related to boarding and/or deplaning were found not to be completely preempted, and were remanded to state court for lack of subject matter jurisdiction. In *Prokaski v. Frontier Airlines, Inc.*, Civil No. 12-CA-512-LY, 2012 WL 12892285 (W.D. Tex. Aug. 29, 2012), the District Court found that a plaintiff's personal injury negligence claim based on injuries sustained during boarding were not completely preempted by Federal Aviation Act or the ACAA. In *Moore v. Nw. Airlines, Inc.*, 897 F. Supp. 313, 314 (E.D. Tex. 1995), the District Court held that a plaintiff's negligence claims based on injuries sustained while deplaning were not preempted. And, in *Hodges*, the Fifth Circuit broadly concluded that personal injury negligence claims were necessarily not preempted by the ADA because such claims related to the aircraft's "operation" as opposed to its services. Here, even assuming that plaintiff's complaints about being "dropped" while boarding and deplaning an aircraft relate to "services" provided by the airline, such services are not inherently airline services such that any state law negligence claims related thereto would be completely preempted by the ADA and/or the ACAA. *See Gill v. JetBlue Airways Corp.*,

836 F. Supp. 2d 33 (D. Mass. 2011) (finding that quadriplegic passenger's state law personal injury negligence claims which arose from injuries he sustained while boarding an aircraft were not preempted by the ADA or the ACAA).

Because the type of claims Plaintiffs raise in this case are the same general type of claims that other courts, including the Fifth Circuit Court of Appeals, have found not to be completely preempted, the Magistrate Judge

RECOMMENDS that Plaintiffs' Motion to Remand (Document No. 11) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 13th day of January, 2022.

Frances H. Stacy
United States Magistrate Judge