IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY F. MILLS, Individually and as Independent Executrix of the Estate of ARTHUR MARK MILLS, and on behalf Of the Beneficiaries to the Estate to include JEREMY M. MILLS, LEVI C. MILLS and APRIL C. WEBB, Each Individually and as Wrongful Death Beneficiaries of ARTHUR MARK MILLS, DECEASED | § § § § § § § § § | |
| *Plaintiffs* | § § | CASE NO. 4:21-cv-1241 |
| v. | § § | |
| UNITED AIRLINES, INC., ABM AVIATION, INC., SIMPLICITY GROUND SERVICES, LLC D/B/A SIMPLICITY USA, ANTONIO DELEON, JESSICA MORA, PRYSTAL MILTON, and EXPRESSJET AIRLINES, INC. | § § § § § § § § § | |
| *Defendants* | § | |

**PLAINTIFFS' REQUEST FOR PRODUCTION TO
DEFENDANT ABM AVIATION, INC.**

To:   Defendant ABM Aviation, Inc., by and through its attorney of record Marc Michael Rose, ROSE LAW GROUP PLLC, 777 Main Street, Suite 600, Fort Worth, Texas 76102.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Kimberly F. Mills, Individually As Heir at Law and As Independent Administrator of the Estate of Arthur Mills, Deceased, Jeremy M. Mills, Levi C. Mills and April C. Webb, each Individually as Heirs at Law ("Plaintiffs") serves this First Request for Production on Defendant ABM Aviation, Inc., to respond to the following requests for production within thirty (30) days after service of this document.

Plaintiffs request that Defendant ABM Aviation, Inc. produce the originals of the documents designated below (or legible copies thereof if the originals are not within your possession, custody, or control) for inspection and copying at the Ammons Law Firm, 3700 Montrose Blvd., Houston, Texas 77006. The documents, which are within your possession, custody, or control, shall be produced as they are kept in the usual course of business or shall be organized and labeled by you to correspond with the categories in this Request.

Plaintiffs further request that the production of electronic and/or magnetic data be saved and produced on a CD or flash drive. Alternatively, the electronic and/or magnetic data should be reproduced fully and completely on paper the same way as it would appear on a computer screen.

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**

*/s/ Justin D. Burrow*
Robert E. Ammons – Attorney in charge
State Bar No. 01159820
Justin D. Burrow
State Bar No. 24035598
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   (713) 523-1606
Facsimile:   (713) 523-4159
Email:        rob@ammonslaw.com
Email:        justin.burrow@ammonslaw.com
And
Tobias A. Cole
State Bar No. 24007021
Mary E. Allen
State Bar No. 24116021
THE COLE LAW FIRM
1616 S. Voss Road., Suite 450
Houston, Texas   77057
Telephone:   (832) 539-4900
Facsimile:   (832) 539-4899
Email:        toby@colelawtx.com
Email:        mary@colelawtx.com
**ATTORNEYS FOR PLAINTIFFS**

- 3 -

## **CERTIFICATE OF SERVICE**

In accordance with Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 28th day of July 2021.

Patrick J. Comerford         *Via E-Service and email: pcomerford@rigbyslck.com*
RIGBY SLACK LAWRENCE BERGER AKINC PEPPER & COMERFORD
3500 Jefferson Street, Ste. 330
Austin, Texas 78731
Telephone: (512) 782-2054
***Counsel for Defendants***
***Expressjet Airlines, Inc.***

Jad J. Stepp         *Via E-Service & email: jstepp@ss-pc.com*
STEPP & SULLIVAN, P.C.
5300 Memorial Drive, Suite 620
Houston, Texas 77007
***Counsel for Defendant United Airlines, Inc.***

Marc Michael Rose         *Via E-Service & email: marc@roselg.com*
ROSE LAW GROUP, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 77024
***Counsel for Defendants ABM Aviation, Inc.,***
***Jessica Mora and Prystal Milton***

             */s/ Justin D. Burrow*
             Justin D. Burrow

## DEFINITIONS

The words that are defined below will have the meanings indicated each time such words are used in these discovery requests. Unless conclusively negated by the context of the questions, the following are to be considered applicable to all discovery requests contained in this document. As such, you will be charged with knowledge of such definitions in responding.

**"Plaintiffs"** shall mean Kimberly F. Mills, Individually As Heir at Law and As Independent Administrator of the Estate of Arthur Mills, Deceased, Jeremy M. Mills, Levi C. Mills and April C. Webb, each Individually as Heirs at Law.

**"Defendant"** shall mean Defendant ABM Aviation, Inc.

**"Document(s)"** means all writings of every kind, source and authorship in your possession, custody, or control. Document(s) specifically includes all written, handwritten, typewritten, printed, photocopied, photographed, recorded matter, and electronically stored information. It shall include communications in words, symbols, pictures, sound records, films, tapes, and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions or other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the terms "document" shall include the following: It shall include communications in words, symbols, pictures, sound records, films, tapes, and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions or other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the terms "document" shall also include the following: correspondence; letters; emails; facsimiles; reports (final, drafts, revisions, supplements, and amendments); tests; data and/or data compilations stored in any medium; metadata; photographs; images; sound recordings; electronic or video recordings; computer-assisted calculations and recreations, and/or models and mock-ups; treatises; papers; books; articles; reference materials; trade letters; charts; journals; raw data; notes; transcripts of testimony or statements; affidavits; notes; files; records; contracts; agreements; telegrams; teletypes; diaries; calendars; bulletins; notices; circulars; announcements; instructions; schedules; minutes; bills, statements, invoices, purchase orders or other records of obligations or expenditures; canceled checks, vouchers, receipts, or other records of payments; graphs; charts; drawings; designs; specifications; manuals; brochures; and memoranda of all kinds to or from any person(s), entity(s), or agency(s).

"**Incident**" shall mean the assistance and handling of Arthur Mark Mills, deceased, including but not limited to, boarding, seating, and/or deboarding, by the Defendants when he took United flight 4054 which is the basis of this suit and occurred on or about February 7, 2019, as described in Plaintiff's original petition or any amendments thereto.

"**Flight**" shall mean the United flight 4052 scheduled to depart Houston George Bush Intercontinental Airport at or about 2:45 pm and arrive at Lubbock Preston Smith International Airport at or about 4:40 p.m. on or about February 7, 2019**.**

- 4 -

**PLAINTIFFS' REQUEST FOR PRODUCTION TO
DEFENDANT ABM AVIATION, INC.**

**REQUEST FOR PRODUCTION NO. 1:**

In 2019, produce all contracts, agreements, master service agreements, and/or airport services agreements that were created or in existence between Defendants United Airlines, Inc., ExpressJet Airlines, LLC, ABM Aviation, Inc., Simplicity Ground Services, LLC d/b/a Simplicity, Antonio DeLeon and all personnel involved in the boarding, seating, and/or deboarding of Arthur Mills, deceased, on the Flight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all motion pictures, photographs, videos, surveillance video, security footage, audiotapes, recordings, maps, depictions, drawings, charts, diagrams, measurements, and/or surveys in the possession, custody, or control of Defendants ABM Aviation, Inc. regarding this Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all notes, measurements, accident reconstruction, depictions, drawings, and/or diagrams that are in the possession, custody, or control of Defendants ABM Aviation, Inc. regarding this Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Excluding all attorney-client and work-product privileged materials, produce all incident reports, investigative reports, statements, lessons learned, corrective actions, and root cause analysis reports regarding this Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all safety rules, policies, and procedures that Defendant ABM Aviation, Inc. had in effect on 02.07.19 related to a wheelchair or other guided assistance to board, seat, and/or deboard the Flight for passengers traveling with disabilities and spinal cord injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all safety rules, policies, and procedures that Defendant ABM Aviation, Inc. had in effect on 02.07.19 regarding the use of a personal safety assistant or other similar personnel as described in the document taken from United's website (P012497- P012498) for passengers traveling with disabilities and/or spinal cord injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

From 2017 to the present, produce all documents that reflect safety measures, if any, that Defendant ABM Aviation, Inc. implemented to protect passengers traveling with disabilities and/or spinal cord injuries from injuries while boarding, seating, and/or deboarding the Flight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

From 2017 to the present, produce all documents that reflect the equipment, if any, used to assist and protect passengers traveling with disabilities and/or spinal cord injuries from injuries while boarding, seating, and/or deboarding a flight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

From 2017 to the present, produce all documents given to all personnel, managers, and/or supervisors, who are responsible for coordinating and assisting with boarding, seating, and/or deboarding a passenger traveling with disabilities and/or spinal cord injuries on a flight in a safe manner.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

From 2017 to the present, produce all training materials provided to personnel, managers, and/or supervisors, who are responsible for coordinating and assisting with boarding, seating, and/or deboarding a passenger traveling with disabilities and/or spinal cord injuries on a flight in a safe manner.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that showed Defendant ABM Aviation, Inc. complied with the Air Carrier Access Act (14 CFR Part 382) at Houston George Bush Intercontinental Airport on the Fight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that showed Defendant ABM Aviation, Inc. did not comply with the Air Carrier Access Act (14 CFR Part 382) at Houston George Bush Intercontinental Airport on the Flight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

In 2019, produce all written policies and procedures of Defendant ABM Aviation, Inc. that require the preservation of documents and evidence, collection of information, determination of root causes, and implementation of corrective action when an injury occurs on a flight or other similar incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents including, but not limited to, work schedules, task assignments, etc., that identify all personnel and supervisors who were responsible for boarding, seating, and/or deboarding Arthur Mills, deceased, at Houston George Bush Intercontinental Airport.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents including, but not limited to, work schedules, task assignments, etc., that identify all personnel and supervisors who were responsible for boarding, seating, and/or deboarding Arthur Mills, deceased, at Lubbock Preston Smith International Airport.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all flight information related to Arthur Mark Mill's reservation including, but not limited to, assigned seat(s), accommodations, terms/conditions, etc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents related to other passengers on the same Flight who also requested disability-related accommodations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents given to Defendant ABM Aviation, Inc. and/or personnel and supervisors who were responsible for boarding, seating, and/or deboarding Arthur Mills, deceased, at by Arthur Mark Mills or his family related to his requested accommodations before the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents given to your employees by their supervisors related to Arthur Mark Mills' requested accommodations before the Incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents related to the equipment that Defendant ABM Aviation, Inc. possesses and is intended to be used to assist passengers in wheelchairs and/or with spinal cord injuries with boarding, seating, and/or deboarding the Flight at Houston George Bush Intercontinental.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all equipment that was used to assist Arthur Mills, deceased, boarding, seating, and/or deboarding the Flight at Houston George Bush Intercontinental.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents related to the equipment Defendant ABM Aviation, Inc. possesses and is intended to be used to assist passengers in wheelchairs and/or with spinal cord

injuries with boarding, seating, and/or deboarding the Flight at Lubbock Preston Smith International Airport.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce all equipment that was used to assist Arthur Mills, deceased, boarding, seating, and/or deboarding the Flight at Lubbock Preston Smith International Airport.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce the entire schematic/diagram of the aircraft used for the Flight.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all personnel files of the employees/agents/representatives/supervisors of Defendant ABM Aviation, Inc. who were involved in boarding, seating, and/or deboarding Arthur Mills, deceased on the Flight at Houston George Bush Intercontinental Airport and Lubbock Preston Smith International Airport on the date of the Incident, including, but not limited to, their resumes, curriculum vitae, letters of reference, employment application, interview records, employment agreements, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce the personnel file for Antonio DeLeon, including, but not limited to, his resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Produce the personnel file for Jessica Mora, including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any. This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Produce the personnel file for Prystal Milton, including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any. This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce the personnel file for Carlos Alvarado, including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any. This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce the personnel file for Kenneth Dickson, including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or

termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

Produce the personnel file for Orneshia Monique Dixon, including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

Produce the personnel file for Reginald Phillips including, but not limited to, her resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Produce the personnel file for Michael Hynes, including, but not limited to, his resume, curriculum vitae, letters of reference, employment application, interview records, employment agreement, background checks, performance evaluations, awards, warning notices, complaints, reprimands, disciplinary notices, hiring, suspension, and/or termination, if any.  This request does not seek the production of confidential medical information, injury reports, social security information, and/or other protected class information such as age, race, gender, national origin, disability, marital status, and religious beliefs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Produce all records obtained by Defendant ABM Aviation, Inc. through subpoena, affidavits, notice, authorization, deposition upon written questions, and/or any other formal request in this matter. Should any responses from the party to whom the subpoena, notice, deposition or request was made have been obtained, please include said responses in addition to the records obtained.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Produce all surveillance movies, photo, audio recording, and social media (Facebook, LinkedIn, Twitter, Tumblr, Instagram, YouTube, Snapchat, Whatsapp, Pinterest, Facebook Live, Periscope, Vimeo, etc.) of Plaintiffs and Arthur Mills, deceased.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Produce all demonstrative aids demonstrative exhibits, substantive exhibits, and tangible, photographic or documentary evidence that Defendant ABM Aviation, Inc. intends to use at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Produce all trial exhibits that Defendant ABM Aviation, Inc. will offer and use in this case.

**RESPONSE:**